## HUGHES *v.* MARQUET.

### (*Knoxville.*   October 12th,  1886.)

1. SUPREME COURT.  *Practice.   Error.   Presumptions.*

   Where, in an action of replevin, plaintiff's title to the property sued
   for, is attacked on the ground that he purchased it at a sale under a
   trust deed, given to secure a note bearing 8 per cent. interest, and
   therefore usurious and void; if the date of the note does not affirm-
   atively appear, in the record, this Court will not presume it was
   made when 8 per cent. was an illegal rate of interest.

2. SAME.   *Same.   Correct judgment.   Erroneous reasons for.   No reversal.*

   A correct judgment, though based on incorrect reasons, will not, for
   that cause, be reversed.

---

### FROM  HAMILTON.

---

Appeal in error from Circuit Court of Hamilton
County.   May Term, 1884.   D. C. TREWHITT, J.

H. M. WILTSE for Hughes.

P. A. BRAWNER for Marquet.

SNODGRASS, J.   In this suit, commenced before a
Justice of the Peace, for the possession of a pool-
table, balls, cues, bridge, cue-rack, ball-rack, tri-
angle, mace, and bottle, plaintiff obtained judgment
in the Circuit Court, and defendant appealed in
error.

The case was heard by the Circut Judge without a jury, and the facts of it are agreed upon, and, as agreed upon, were read to the Court. They are:

"That the Balche & Brunswick Co. sold and delivered to Mrs. L. E. Martin, of Chattanooga, a pool-table, part cash, balance evidenced by notes, and secured by deed of trust—notes and trust deed, executed in Chattanooga—and call upon their face for eight per cent. interest.

"2. This pool-table was put by Mrs. Martin in a house rented from Hughes. Some months after it was attached at suit of Hughes for rent, etc.

"3. While in custody of the Constable (Murphy) it was advertised and sold by trustee under above deed of trust, and purchased by Marquet. Murphy refused to deliver possession, and Marquet replevied.

"4. Demand was made by the trustee for the delivery of the property before the sale.

"5. Hughes was present at the sale, and bid upon the property."

This was all the evidence. The Court rendered judgment in favor of plaintiff, and defendant appealed in error.

The only error assigned here is that the deed of trust was void on its face for usury, and, therefore, plaintiff was not entitled to recover.

This does not appear. In the agreed statement of facts, upon which the Court acted, it is shown that the deed secured notes bearing eight per cent.;

and this was usurious interest at the date of the commencement of the suit. But no dates of either note or deed are agreed upon. It was not unlawful to contract for eight per cent. interest in writing, from the operation of the Act passed February 23d, 1870 (see Acts 1869–70, and Thompson & Steger's edition of Code, § 1944*a*), until 20th March, 1877, the date at which the former act was repealed. Acts 1877, page 35.

It does not appear from the statement of facts agreed upon, and upon which the Judge below acted, that the trust deed in controversy was executed before or after the time between these dates, and we cannot presume that it was executed at a time when it was unlawful to take eight per cent. interest. The plaintiff in error, in order to have this question of the effect of a usurious contract considered, would have to show in the record that such a question was involved, which is not done.

In his brief, counsel for plaintiff in error insists that this deed was executed in 1882; that A. J. Gahagan was made trustee; that the notes were made payable at the First National Bank, in Chattanooga, Tenn., in which city the purchase was made; but none of these facts appear in the record, to which alone we can look to ascertain whether the Circuit Judge erred.

The finding and opinion of the Circuit Judge is copied in the transcript, and he discusses the question involved as one of usury, and adopts the brief of counsel for plaintiff as his view of that ques-

tion.    But, as we have shown, it does not arise upon the facts he was considering.    However, without reference to his reasoning, his adjudication is correct.

We could not presume the deed and notes to bear such a date as would make the contract unlawful.    In order to obtain a reversal the plaintiff in error must always be able to show affirmatively from the record that there was error in the judgment.    When presumption is indulged at all, it is in favor of the correctness of the judgment of the Circuit Court.

The judgment is therefore affirmed, with cost.