LITTERER & CO. v. TIMMONS.

*(Nashville. January 5, 1901.)*

1. SUPREME COURT. *Will not reverse.*

This Court will not reverse a judgment otherwise correct, rendered by a Judge in a law cause without intervention of jury, upon objection that it is erroneous because based upon a specific erroneous ground or theory—to wit, estoppel—when there is nothing in the record to show that it was based upon such ground or theory except the motion for new trial.

2. SAME. *Same.*

This Court will not reverse a law cause tried by a Judge without intervention of jury, upon the facts, if there is any evidence to support the judgment.

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County. J. W. BONNER, J.

DOUGLAS WIKLE for Litterer & Co.

E. S. SCRUGGS for Timmons.

WILKES, J. This case was commenced before a Justice of the Peace of Davidson County, in 1898, to recover rent for a storehouse in Thompson Station, from August 1, 1895, to January 1,

1897. This storehouse was occupied by one Critz, who, as the defendant testifies, was to sell merchandise for him on commission, but who was not authorized to contract any debts against the defendant. Judgment was given for $85 by the Justice, and defendant appealed to the Circuit Court of Davidson County. The cause was there heard, without a jury, and the judgment of the Justice affirmed. Defendant has appealed to this Court, and assigns as error:

1. That the Court erred in holding that the defendant was estopped from denying his liability on plaintiff's debt because of his failure to notify plaintiff that he would not be liable for same when he first learned that his agent was occupying plaintiff's house.

There is no request made of the trial Judge to reduce his finding of fact and law to writing, and there is nothing in the record, except in the motion for a new trial, which shows that estoppel was the ground for the trial Judge's judgment. This assignment, therefore, is not well made.

2. There is no evidence to sustain the judgment of the Court below. The only real question of fact in the case is whether the defendant rented the storehouse or made himself liable to the plaintiff for it to be occupied by his agent. The evidence of the plaintiff makes out a clear

Litterer & Co. *v.* Timmons.

case of liability, and, this being so, under the rule of this Court that when there is any evidence to support the finding, the judgment of the lower Court will not be disturbed.

The judgment must be affirmed with costs.