COHEN v. NOEL et al.—104 S. W. (2d) 1001.

Court of Appeals of Tennessee, Middle Section. Jan. 21, 1937.

Petition for Certiorari denied by Supreme Court, May 8, 1937.

52

Cate & Cate and John B. Daniel, all of Nashville, for plaintiff in error.

Walker & Hooker, of Nashville, for defendants in error.

DeWITT, J. On September 19, 1928, H. C. Richards, a painter. was seriously injured from a fall when the ladder on which he was standing while painting in the Noel Garage in Nashville was struck by an automobile owned by Mrs. Regina Cohen, a patron of the garage, and driven by her employee. Richards was thrown violently to the floor. In an action for damages for these personal injuries he recovered of Mrs. Cohen upon the verdict of a jury a judgment for $10,000. This judgment was affirmed by this court and writ of certiorari was denied by the Supreme Court. Mrs. Cohen

paid the judgment, with interest and costs, amounting to $12,298.55. She then brought this action against Oscar F. Noel and John H. Noel, trustees of the O. F. Noel Estate and as individuals, doing business under the name, Noel Block Garage, claiming that the proximate cause of the accident and injuries to Richards was active negligence on the part of them, their agents, and servants, and that, if her employee was negligent at all, his negligence was merely passive. To the declaration in this cause a demurrer was interposed, it was sustained by the trial judge, but upon appeal the Supreme Court held that the declaration stated a cause of action. The court adopted and applied rules that where several are jointly responsible for an act not necessarily nor ordinarily unlawful, one who acted without moral guilt or wrongful intent in the commission of the act, and who has paid the damages caused thereby may recover contribution from the other wrongdoers; that an exception to the rule that there can be no contribution or indemnification between tortfeasors is found in cases where one of them made the condition that caused the damage and the other merely failed to detect or remedy that condition. The opinion of the Supreme Court is found in 165 Tenn. 600-608, 56 S. W. (2d) 744, 746, et seq.

Upon remand, four pleas to the declaration were filed, the first being the plea of not guilty, the second a plea of former adjudication, the third a plea that the plaintiff's employee was guilty of active gross negligence, after knowledge of the presence of the ladder before him, in failing and refusing to bring plaintiff's car to a stop within the distance he admitted he could do so; and a fourth plea to which a demurrer taken was sustained and it need not be further mentioned as no complaint is made of this action in this court. Issue was joined on all these pleas.

The cause was tried to a jury before the circuit judge and resulted in a verdict for the defendants. However, upon the hearing of the motion for new trial made by the plaintiff, the trial judge was of the opinion that he should have sustained a motion for peremptory instructions made by the defendants at the close of all the evidence; and therefore he entered a judgment sustaining said motion and dismissing the action.

Upon her appeal in error ten assignments of error have been filed in her behalf. Seven of these assignments pertain to instructions given or refused upon the trial. The other three are as follows:

"1. The Court erred in granting defendants' motion for a directed verdict in their favor and dismissing plaintiff's suit.

"2. The Court erred in permitting and allowing over plaintiff's objection the record or parts of it in the old case of Richards v. Cohen to be read to the jury as evidence in this case.

"3. The Court erred in treating, in effect, the old case of Richards

v. Cohen as res judicata on the question of the primary or active negligence of Mrs. Cohen's driver.''

The defendants were not parties to the suit of Richards v. Mrs. Regina Cohen; but, upon the trial of this cause, on cross-examination of Mrs. Cohen, and upon objection made and overruled, they filed as an exhibit to her testimony the record in the case of Richards v. Cohen and from it they read to the jury not only the pleadings and judgment, but also portions of the testimony bearing upon the issue of negligence of the employee of Mrs. Cohen. This was read as a part of the defendants' evidence in this case and after the close of the evidence introduced by the plaintiff—the purpose, as stated by counsel, being that of ''showing that the averments of the pleas are true and showing that the averments of the declaration are not true, to show that her agent and servant was convicted of active negligence.''

When the trial judge came to dispose of the motion for peremptory instructions at the close of all the evidence, he said, in the presence of the jury:

''The record in the former trial, that is Richards as plaintiff and Cohen Furniture Company defendant, was made an exhibit to Mrs. Cohen's cross-examination and also an exhibit to Mr. W. H. Lingner. The Court stated at the time that either side might introduce any or all parts of that record; it was available here. I thought it wise to pursue that course. The witnesses were examined in great detail both on direct-examination and cross-examination and ‧ reexamination, and I thought it best to do that for that reason, it would take up time, be expensive, you have witnesses here; then it was competent as I thought and admissible further from another standpoint which I need not discuss. Now all of it has not been read to the jury and I will state now that neither side is to be prejudiced by failure to read such parts of it as have not been read, the jury will not draw any prejudicial conclusions, favorable to one side or unfavorable to the other, because of a failure to read such parts of it.''

As further reflecting the views of his honor upon the admissibility of this record as a whole, and its manifest effect upon the minds of the jury, we deem it proper to recite that the trial judge, upon request by the defendants, gave the following instruction to the jury:

''Gentlemen of the Jury I am requested by the defendants to charge and do charge that if you should find and believe from the weight or preponderance of the evidence that in the case of Richards v. Cohen the plaintiff Mrs. Regina Cohen's agent, one Davis, was charged with grossly, negligently and recklessly operating the plaintiff's automobile at an excessive rate of speed under the circumstances, and that the jury found (from the preponderance of the evidence) him guilty of that negligence directly and proximately con-

tributed to the injuries received by Mr. Richards, then and in that event I charge you that said agent and servant of the plaintiff was convicted of active, and not passive negligence, and hence the plaintiff cannot recover in this case.''

Our purpose is to interpret the competent evidence in order to determine whether or not only one conclusion can be drawn therefrom by reasonable minds. The verdict of the jury and then the action of the circuit judge in setting aside that verdict and dismissing this suit were manifestly affected materially by the evidence, verdict and judgment in the former suit. The proposition upheld was that, if the verdict and judgment convicted the plaintiff's agent of active negligenc, this was binding upon the plaintiff in the instant cause, and was determinative against her right to recover.

The right to introduce portions of the testimony of Davis, the plaintiff's agent, given upon the trial of the former suit in order to show admissions by him of negligence, was recognized and it is not in controversy here. Upon the trial below counsel for the defendants disclaimed that the record in the former suit showed res adjudicata. He said, ''she was a party to that case, we are offering this to show that in that case a judgment was rendered, which either she or her servant (which is the same) was convicted of active negligence directly and proximately contributing to the accident.'' Thus the purpose as expressed was not to raise an estoppel, but merely to offer evidence tending to show a conviction of active negligence. The trial judge however was of the opinion that if such conviction was thus shown it would be a complete bar to the right of recovery.

We approach the question as to the direction of the verdict by considering first the testimony introduced upon the trial of this cause—evidence other than the pleadings and evidence in the former action which are objected to. If this evidence which we now consider warrants the direction of a verdict, the question of admissibility of the record in the former case is immaterial.

The plaintiff introduced six witnesses as to the visibility in the garage at or about the time of the accident. Plicque, the driver of the police car, who arrived there upon an emergency call a few minutes after the accident, testified that the place was dark, he could not see back in there, no lights of the building were burning, and he could only see by the use of his headlights.

Joe Organ testified that at the time of the accident he was in the store of Mrs. Cohen next door; that Davis came to the store and told him of the accident; that in a very few minutes he was in the garage; that it was ''just the same that day as it was every day, it was dark in there all the time, when you first go in.'' He said that when he was there the injured man was still lying on the floor.

The witnesses, Crowell, Dent, and Simpkins testified that before

the accident the place was dark. Crowell said that one could not see at all when he first went in.

Davis, the driver of the Cohen car, testified that when he drove in the place was dark; that he came out of the bright sunshine into the dark place; that it was dark when one first went in; that he was driving at a speed of about five or six miles an hour; that he did not know that the ladder was there, did not and could not see it; that he heard somebody halloo, and at that moment he applied the brake but the right fender of the car struck the ladder; that he was not in the habit of turning on his lights as he went in there. As to his lights he was then asked and he answered:

"Q. You were not in the habit of turning them on, why didn't you turn them on if it was so dark you couldn't see, and knowing that people might be in there putting up their cars or coming out of there, and you had lights to turn on, why didn't you turn them on?

"A. I don't know why I didn't.

"Q. You could have turned them on, couldn't you?

"A. Yes, sir.

"Q. And all you had to do was to just move a switch with your thumb, wasn't it?

"A. Yes, sir."

Davis admitted that he did not know who or what was ahead of him there, but also said that it was not too dark to see to park a car, and thus he did not turn on his lights; but he also said again that he did not know why he did not turn on his lights.

Mr. Oscar Noel testified that when the accident happened he was in the office of the garage; that he reached the place immediately upon hearing of it; that the garage lights were on; that he found the automobile standing on the north side of the driveway, the body of Richards lying directly to the northeast of the car. He said that one had no trouble in seeing anything or anybody or any kind of object in the garage. He said that, when the lights of the garage were not on, it was dark in there, but the lights were on and they were one hundred candle power lights. He said that, if the lights were not on, it was necessary for an automobile driver to have his lights on in order to see ahead of him in the garage.

The foregoing constitutes the material evidence given by the testimony of witnesses upon the trial.

If both the plaintiff and the defendants were guilty of positive negligence, then they were joint tort-feasors within the general rule denying reimbursement as between them. If the plaintiff's agent caused the injuries by his positively negligent, or reckless act, the plaintiff cannot recover, although he was violating no ordinance or statute. If he was negligent, but merely passively so, and the defendants were positively negligent in violating a positive duty as

proprietors and operators of the garage—guilty of positive negli-gence—then the plaintiff had a cause of action. Thus we interpret the opinion in Cohen v. Noel, supra. It is unnecessary to consider other authorities. The law of this case has in this case been made plain.

Applying the rules adopted as the law of this case, the Supreme Court held that a cause of action was stated in the declaration, as follows:

The defendants operated a public garage; that plaintiff, Mrs. Cohen, was a customer who sent her car in charge of a servant to said garage; that the defendants were painting the garage and had placed a ladder in one of the runways, upon which an employee was standing; that defendants gave no notice to drivers of cars of the obstruction in the runway; that plaintiff's car entered the dimly lighted garage and plaintiff's servant failed to see the ladder and the painter, as a result of which the employee was injured.

In the opinion it is said:

"It appears from the declaration herein that the only negligence of which the plaintiff was guilty and for which she had to respond in the previous case was the failure of her servant to discover a dangerous situation caused by the negligence of defendants. Upon the authorities mentioned, we think the declaration stated a case. The car was not moving on the highway, where active diligence would be exacted of the driver, but was moving on a space expected to be kept clear, and said to have been dimly lighted. If these be the facts, we think the failure of the driver to see the ladder was passive negligence.

■■ The declaration however did not disclose an important and determinative fact which was shown without dispute upon the trial of this cause. It appears especially from the admissions made by Davis in his aforesaid testimony given upon his trial. If we assume the truth of the testimony that the place was dark, or dimly lighted, nevertheless, it appears without controversy that Davis drove the car into this darkness or semidarkness out of the bright light of the day, without turning on his lights, which was the easy and prudent thing to do, and he gave no excuse, other than that this was his habit; that he had driven in there many times with his lights not burning. It is impossible to conclude that he was not negligent. This is said solely as to a comparison with the alleged negligence of the Noels, consisting of keeping the place insufficiently lighted, and having no one just at the place to give warning. This negligence of Davis, being undisputed, is negligence as a matter of law. One driving slowly into a dark or dimly lighted place has the duty of taking precautions against injuring others. If he does not use his lights he may strike some one in front of him. It is true that the

car was not moving on the highway where active diligence would be exacted of the driver, but it was moving on a space expected to be kept clear; but, although the driver had this expectation, he certainly would not fulfill his duty if he did not keep a proper lookout, and this necessarily involved a use of the lights at his disposal to enable him to exercise such a lookout. The Supreme Court has declared that the failure of the driver under such circumstances, to see the ladder, was passive negligence. This was based upon a declaration which stated among other things that "some part of plaintiff's car, as it was being driven in the garage to be parked, by inadvertence came in contact with the ladder and caused it to fall" etc. "Inadvertence" is defined in Webster's International Dictionary as "lack of heedfulness or attentiveness; inattention; negligence." In Westborne Coal Co. v. Willoughly, 133 Tenn. 257, 180 S. W. 322, 325, it is said that the term active negligence "is one of extensive meaning, obviously embracing many occurrences that would fall short of willful wrongdoing, or of crass negligence; for example, all inadvertent acts causing injury to others, resulting from the failure to exercise ordinary care; likewise all acts the effects of which are misjudged, or unforeseen, through want of proper attention, or reflection. So, the term, as a general one, is too broad. It covers acts of willful wrongdoing, also those which are not of that character." In the declaration herein the only negligence of which Davis was guilty and upon which the recovery against Mrs. Cohen rested, was the failure of Davis to see the ladder as he drove her car along the runway. Nothing was said about his failure to turn on the lights, by which he could have plainly seen the ladder. There was of course a possibility that some one might be in front of his oncoming car, although he did not actually expect it.

▮ Now assuming that the Noels were negligent in the particulars recited, that is, looking alone to the evidence tending to show that the place was insufficiently lighted, and that the employee of the Noels was not just at that place to give warning, we are unable to conclude as a matter of law that such negligence was no more than the proximate cause of the accident than was that of Davis; that it was the primary cause as being positive negligence as opposed to the negligence of Davis as passive negligence. We think that in no view could it be reasonably held that they were not in pari delicto. We fully recognize the rule approved by the Supreme Court in this case, that the parties are not equally culpable when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damages. In the course of the opinion of Mr. Chief Justice Green, it is further said:

"The decisions are not altogether harmonious, but those best con-

sidered recognize an exception to the rule that there can be no contribution or indemnification between the tort-feasors in cases where one of them makes the condition that causes the damage and the other merely fails to detect or remedy that condition.''

■ The evidence shows without dispute that Davis did detect the condition of a dimly lighted runway. He was right at the place, he saw the darkness ahead of him, he willfully omitted to turn on his lights and remedy the situation. This fact, in our opinion, is determinative that he was just as negligent as were the proprietors of the garage. This is as far as we need go, for to our minds it destroys any hope of concluding that the negligence of Davis was less in grade than that of the others. This being determinative, the conflict of testimony as to the speed of the car is immaterial. The admissions made by Davis upon the trial of this case were fatal to the right of action. The conclusion thus reached precludes any consideration of the admissibility of the evidence given in the former case; and it also renders immaterial the questions presented as to instructions given to the jury and the sufficiency of evidence tending to sustain its verdict.

■ Whether the trial judge based his action in granting peremptory instructions, even in part, upon the record in the former case, he, in our opinion, reached the correct result. It is well settled that a correct judgment or decree, though it may be based on incorrect reasons, will not for that cause be reversed; that, where the lower court decides a case correctly but even upon an erroneous theory of the law, the appellate court will affirm the holding, but base its decision upon the correct theory. Hughes v. Marquet, 85 Tenn. 127, 2 S. W. 20; Railway Co. v. Mahoney, 89 Tenn. 311, 15 S. W. 652; Litterer v. Timmons, 106 Tenn. 201, 61 S. W. 72. As we are dealing here with a question of law only, we see no reason why this rule should not be applicable here. We are not to be understood as making any decision upon the admissibility of the record in the former case, but merely as holding that there is undisputed evidence in itself determinative against this right of action. It results that the judgment dismissing this action is affirmed, at the cost of the plaintiff in error and her sureties.

Faw, P. J., and Crownover, J., concur.