FLORENCE RITCHIE, Plaintiff, *v.* SHEFFIELD FARMS CO., INC., Defendant.

Municipal Court of New York, Second District, Borough of Manhattan, Part III, June 10, 1927.

Negligence — injury to person — plaintiff claimed she took mouse into her mouth which was in bottle of milk when delivered by defendant to plaintiff's dispenser — proof warrants finding bottle was not tampered with after delivery — defendant negligent in preparation of milk — privity of contract need not be proved.

Plaintiff, who claims she took a mouse into her mouth which was in a bottle of milk when delivered by defendant to the dispenser of the milk, is entitled to recover against said defendant in this action for negligence, where the proof not only shows that the mouse was in the bottle but that the bottle had not been tampered with from the time it was delivered by defendant's employee to plaintiff's dispenser; the inference which the evidence warrants the court in drawing is that there was negligence in the preparation of the milk. Privity of contract need not be shown nor proved by the plaintiff.

ACTION for negligence.

*Samuel E. Miller,* for the plaintiff.

*Alger & Coughlan [Walter M. Andrew* of counsel], for the defendant.

Panken, J. Since the decision handed down by the Court of Appeals in the case of *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468), a great deal of misunderstanding with relation to the law has arisen. Many members of the bar have cited this case to me pro and con, giving it strained construction, and I assume have also cited it to other judges. The situation should be clarified.

Under the decision handed down by the Court of Appeals in the case of *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382), the opinion having been written by Judge Cardozo, and which opinion was cited with approval in the case of *Chysky* v. *Drake Bros. Co.* (*supra*), the courts in this State have held almost uniformly that in an action predicated upon negligence, privity of contract need not be shown nor proved by the plaintiff. The rule had been laid down that the manufacturer would be liable for his negligence to a third person.

In *Chysky* v. *Drake Bros. Co.* (*supra*) it would seem that the court has changed the rule; but a careful reading of the opinion of the court discloses the opposite. Many members of the bar have come to believe that in view of the opinion in the *Chysky* case no action would lie as against the manufacturer by a third person, because of lack of privity of contract. It was not the intention of the court to lay down any such rule. The court did in that opinion distinguish the case it was then deciding from the cases decided by it theretofore, and drew the line as between an action for breach of warranty and an action resting in negligence, using the following language: " It may be assumed that under certain facts and conditions the manufacturer of an article would be liable to a third person, even though no contractual relation existed between them, if the article sold were negligently prepared or manufactured," and cited *MacPherson* v. *Buick Motor Co.* (*supra*) as authority for that proposition.

The action before me is one in negligence. If it were for breach of contract, and a warranty is part of a contract, it may under the decision become necessary for the plaintiff to show privity of contract, some contractual relationship between herself and the person sought to be held by her for a breach of contract of warranty. The basis upon which the courts have held that privity of contract must be shown in an action for breach of warranty, rests on the proposition that a warranty is a contractual relationship, whether it be implied or express, and no one may be held liable for a breach of a covenant in a contract to which he was not a party.

My own opinion, however, is that though there be no privity of contract, where a manufacturer prepares articles or manufactures

foodstuffs in sealed packages, and what these sealed packages contain is held out as fit for human consumption, the preparer or manufacturer of the articles would be ultimately liable. The distributor with whom the contract is made by the consumer, in event of damage to him by reason of some defect in the food product distributed, would under the law have the right to recover from the person or group manufacturing or preparing the article that he distributed.

Under the new Civil Practice Act, the distributor might even bring in the manufacturer or producer as a party defendant, so that if the recovery is to be against him he might in turn recover as against the producer or manufacturer. This situation requires some modification in the law. The courts have held repeatedly that where negligence can be proved, privity of contract need not be shown. It is not always possible to prove negligence.

An implied warranty that an article is fit for human consumption when the article is prepared for sale as food follows the article. Why there should be one rule when the action rests in negligence, and another rule when the action is for breach of warranty, excepting what I have already referred to, is not apparent to me. If in the end the manufacturer or producer is liable for any defect or unwholesomeness in the article that he manufactures and which he holds out to the public as being fit for the purposes manufactured for, there seems to be no reason why intermediate action should be required. This, however, does not arise in this case; the action rests in negligence. Following the opinion in *MacPherson* v. *Buick Motor Co.*, which decision has not been overruled by the Court of Appeals, in the later case of *Chysky* v. *Drake Bros. Co. (supra)*, but reaffirmed by the said *Chysky* case, the question of privity of contract, in a case resting in breach of warranty, need not be passed upon by me.

This court held in the case of *Koffler* v. *American Railway Express Co.* (126 Misc. 838) that a violation of a city ordinance is evidentiary of negligence, and the court might find, as a matter of fact, that coupled with the rest of the testimony in the case, negligence existed, as evidenced in part by a violation of a city ordinance.

The question is, has the plaintiff sustained the burden of proof on the proposition that the foreign object, the mouse which she claims she had taken into her mouth, was in the bottle of milk when delivered by the defendant to the dispenser of the milk, as testified to by the plaintiff? The testimony in this case shows that the bottle was not tampered with. The cap with which this bottle was capped, and with which such bottles are generally

capped, as described by the witness Westlake, is the one which was removed by Mrs. Goldstein, one of the witnesses called on behalf of the plaintiff, and she removed that cap with a pick. She testified that the bottle of milk from which this milk was dispensed to the plaintiff had reached her store that morning or the morning when the milk was sold to the plaintiff, and that in order to obtain the milk she used a pick to remove the cap.

Negligence cannot always be shown by proof of an overt act; the act sometimes speaks the negligence of the person against whom it is charged. It seems to me that in this case the fact, if I conclude that there was this mouse in the bottle of milk, and I also conclude that the bottle of milk had not been tampered with from the time it was delivered by the servant of the defendant to the plaintiff's dispenser, that physical fact is such from which the court must as a matter of fact find that there was negligence in the preparation of this milk. That which is inferable must be inferred by the court.

I conclude that the plaintiff has shown negligence in the bottling of this milk, and that there was this mouse in the bottle. To take a mouse into one's mouth must be a fearful experience, an experience which very few human beings would like to undergo. I can readily visualize how that picture conjured up by the person having taken involuntarily a mouse into her mouth reacts upon the nervous state of that person every time it is conjured up. The law requires compensation to a person for all the damage that flows as the consequence of the negligence resulting in an injury. I conclude, therefore, that the plaintiff in this case is entitled to compensation in the sum of $1,000. Five days' stay.