Sarah Cohen, Plaintiff, *v.* Dugan Bros., Inc., a Domestic Corporation, and Another, Defendants.

Supreme Court, Bronx County, October 8, 1928.

**Sales — breach of warranty — action to recover damages suffered by plaintiff when she broke tooth while eating bread which contained nail — action for breach of warranty cannot be maintained against manufacturer who did not sell bread to plaintiff — negligence — plaintiff may recover on theory of negligence.**

The plaintiff purchased a loaf of bread from a retail dealer, one of the defendants, and while eating the bread she broke a tooth when it came in contact with a nail concealed in the bread. The manufacturer, one of the defendants, delivered the bread to the retailer and it was sold in the same condition in which it was delivered. But the plaintiff cannot recover from the manufacturer on the theory of a breach of warranty, for there was no contractual relation between the plaintiff and the manufacturer.

The plaintiff may, however, recover from the manufacturer on the theory of negligence, and proof of the purchase of the bread manufactured by the defendant, and that it was in the same condition when sold by the retailer as when delivered to him, and that it contained a nail which caused the injury is sufficient to establish a *prima facie* case. Proof of the care taken by the manufacturer in the making of the bread did not overcome the proof that the nail was concealed in the bread through the negligence of the defendant.

Action for personal injuries alleged to have been sustained by plaintiff through presence of nail in loaf of bread.

*Konowitz & Eder [Mordecai Konowitz* of counsel], for the plaintiff.

*James J. Mahoney [Frederick L. Thielman* of counsel], for the defendant Dugan Bros., Inc.

*Isidore Enselman,* for the defendant Hyman Dubin.

Cotillo, J. In this action plaintiff seeks to recover for personal injuries alleged to have been sustained by her through the presence of a nail in a loaf of bread manufactured by Dugan Bros., Inc., and purchased by the plaintiff from one Hyman Dubin, a retail grocer. She has joined both defendants in this action, and proceeds upon two theories against each, one being on a breach of warranty and the other based on negligence. The action arose from the following facts and circumstances:

On April 7, 1925, the plaintiff purchased from the defendant Dubin, a grocer, a loaf of whole wheat bread which bread had been manufactured by the defendant Dugan Bros., Inc. At the time it left the possession of the manufacturers it was sealed in a wax wrapper with the following imprinted thereon:

" Dugan's 100% Whole Wheat Bread. Endorsed by Alfred W.

McCann. No lard or coloring used. Brooklyn, New York. Newark, New Jersey."

The bread was delivered to the plaintiff in the same condition as when it left the possession of the manufacturers. She removed the wrapper and cut a slice of bread from the loaf. She put the slice of bread to her mouth and as she bit, her upper left canine tooth came in contact with and was broken by a nail imbedded in the bread and which was not visible.

There being no privity of contract between the plaintiff and the defendant Dugan Bros., Inc., the plaintiff has no cause of action based upon a warranty. The testimony in this case unquestionably shows a sale of personal property, a loaf of bread, by Hyman Dubin to Sarah Cohen. There is no evidence of any sale by the defendant Dugan Bros., Inc., to said Sarah Cohen. There was testimony concerning the bread being in a " sealed wrapper;" this was described as being a waxed paper wrapped around the loaf of bread and with the ends presumably pasted together.

The Court of Appeals in the case of *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468) clearly stated the law with respect to implied warranty in the sale of personal property. The facts in the case as to the alleged occurrence are on all fours with the case at bar. The court said (at p. 472): " The general rule is that a manufacturer or seller of food, or other articles of personal property, is not liable to third persons, under an implied warranty, who have no contractual relations with him. The reason for this rule is that privity of contract does not exist between the seller and such third persons, and unless there be privity of contract, there can be no implied warranty. The benefit of a warranty, either express or implied, does not run with a chattel on its resale, and in this respect is unlike a covenant running with the land so as to give a subsequent purchaser a right of action against the original seller on a warranty."

The court then continued with its decision, citing numerous cases, and said as follows: " It may be assumed that under certain facts and conditions the manufacturer of an article would be liable to a third person, even though no contractual relation existed between them, if the article sold were negligently prepared or manufactured. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, and authorities there cited; Williston on Sales, sec. 244; *Tompkins* v. *Quaker Oats Co.*, 239 Mass. 147; *Gearing* v. *Berkson*, 223 id. 257; *Tomlinson* v. *Armour & Co.*, 75 N. J. L. 748; *Johnson* v. *Cadillac Motor Car Co.*, 261 Fed. Rep. 878; *Haley* v. *Swift & Co.*, 152 Wis. 570.) But the recovery in the present case was not based upon the negligence of the defendant. Plaintiff limited her right to recover to a breach of warranty."

By the foregoing expression the court clearly indicated what was in its mind when the *MacPherson Case* (*supra*) was called to its attention, namely, that claims prosecuted under the theory set forth in said *MacPherson* case must lay their foundation in negligence.

In the foregoing case the court referred to *Rinaldi* v. *Mohican Co.* (225 N. Y. 70), decided by it some years prior, and in this decision the court confirmed the fundamental idea concerning sales of personal property and implied warranties relating thereto when it said (at p. 75): " There is no question but what such an action for damages caused by the breach of the implied warranty with. regard to food may be maintained, *at least by him to whom the warranty is made. Whether in favor of others we do not determine.*. [*Gearing* v. *Berkson,* 223 Mass. 257; 111 N. E. 785.]"

The decision of the *Chysky* case was followed in *Redmond* v. *Borden's Farm Products Co., Inc.* (245 N. Y. 512), an action wherein an infant fourteen months old, claimed to have been injured by broken glass contained in a bottle of milk, relied upon the theory of breach of an implied warranty. It appeared that the infant's mother had procured and paid for the milk and a judgment in favor of the infant was reversed on the authority of the *Chysky Case* (*supra*).

In *Boliver* v. *Monnat* (130 Misc. 660, 665) the court said: " The plaintiff here seeks to recover damages on the ground of the breach of an express or implied warranty. The sale of the liquor by the defendant to the plaintiff was in violation of the National Prohibition Act. Being illegal by force of the act, there was no contract; and, therefore, there was no relationship between the parties under which there was or could be a breach of warranty. Warranty, express or implied, is incidental to a contract and arises from it; there being no contract, there can be no warranty to be breached."

In view of the foregoing the court is of the opinion that the plaintiff's first cause of action against Dugan Bros., Inc., must fail and the motion to dismiss directed to the first cause of action against Dugan Bros., Inc., is granted.

An action in negligence will lie against the manufacturer where injuries are caused by a foreign substance negligently permitted to remain in an article of food. In such an action privity of contract need not be shown. (*MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382.) The plaintiff, by showing the purchase of the defendants' bread and the presence of the nail therein and the resulting injury has made out a *prima facie* cause of action in negligence. (*Ritchie* v. *Sheffield Farms Co., Inc.,* 129 Misc. 765, 768; *Freeman* v. *Schultz*.

*Bread Co.*, 100 id. 528; *Ternay* v. *Ward Baking Co.*, 167 N. Y. Supp. 562.) The presence of the nail in the bread bearing the name of Dugan's 100 per cent wheat bread in a sealed waxed wrapper, and particularly when the bread delivered to the plaintiff was in the same condition as when it left the possession of the manufacturers is an evidential fact from which negligence can be inferred. The defendant by its proof attempted to overcome the inference raised by the plaintiff's proof. This only raised a question of fact and I find that the precautions taken by the defendant did not rebut the proof that negligence of the defendant caused the presence of the nail in the loaf of bread. The motion of the defendant Dubin to dismiss the complaint as to the plaintiff's first cause of action must be denied under the authority of *Aron & Co., Inc.,* v. *Sills* (211 App. Div. 21; affd., 240 N. Y. 588); *Cook* v. *People's Milk Co.* (90 Misc. 34). The defendant Dubin's motion to dismiss the second cause of action is granted.

Plaintiff's motion to direct a verdict in favor of the plaintiff against both defendants is granted. Verdict directed for plaintiff against both defendants for $3,000. Thirty days' stay and sixty days to make a case.