SARAH COHEN, Plaintiff, *v.* DUGAN BROTHERS, INC., and Another, Defendants.*

Supreme Court, Bronx County, November 29, 1928.

*Konowitz & Eder* [*Mordecai Konowitz* of counsel], for the plaintiff.

*James J. Mahoney* [*Frederick L. Thielmann* of counsel], for the defendants Dugan Brothers.

*Isidor Enselman*, for the defendant Hyman Dubin.

COTILLO, J. This is a motion made by the defendant Hyman Dubin for an order amending the clerk's minutes and the judgment entered herein so as to determine the ultimate rights of the defendants. The action was one brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by reason of the presence of a nail in a loaf of bread manufactured by the defendant Dugan Bros. and sold to the plaintiff by the defendant Hyman Dubin, a retail grocer. The complaint consisted of two counts against each defendant, one for breach of warranty and one for negligence. In deciding this case in an opinion published in 132 Miscellaneous, 896, I held as follows: That the defendant Dugan Bros. were entitled to have the first cause of action, which is based on the theory of implied warranty, dismissed under the authority of *Redmond* v. *Borden's Farm Products Co., Inc.* (245 N. Y. 512),

---

* See also, 132 Misc. 896; 134 id. 155.

and *Chysky* v. *Drake Brothers Co.* (235 id. 468). Under the authority of *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382), judgment was directed in favor of the plaintiff against the defendant Dugan Bros. on the second cause of action. As to the defendant Dubin I granted judgment in favor of the defendant on the theory that the plaintiff was entitled to recover from Dugan Bros. under the warranty, following the decision of *Cook* v. *People's Milk Co.* (90 Misc. 34) and *Aron & Co.* v. *Sills* (211 App. Div. 21; affd., 240 N. Y. 588) and dismissed the complaint as to the second cause of action, which was based on negligence (132 Misc. 896). The defendant Dubin, at the time he served his answer to the plaintiff's complaint, incorporated in that answer the plaintiff's causes of action against the defendant Dugan Bros., and, pursuant to section 264 of the Civil Practice Act, demanded judgment that the controversy and the ultimate rights of the above-named defendants as between them should be determined. That answer, pursuant to section 264 of the Civil Practice Act, was served upon the defendant Dugan Bros. more than twenty days before the trial, and, although the attorney for the defendant Dubin states in his affidavit that this was called to the attention of the court, my recollection is that it does not appear on the minutes, and, for that reason, was not taken into consideration when my decision was being prepared. Upon the rendition of my decision, the defendant Hyman Dubin then made the present motion which is now before me in the form of a default motion, neither the defendant Dugan Bros. nor the plaintiff appearing in opposition to the motion. The purport and intent of section 264 of the Civil Practice Act was to avoid multiplicity of suits, and it seems clear to me that the defendant Dubin, if he paid the judgment to the plaintiff, would be entitled to recover from and against the defendant Dugan Bros. on the theory of the warranty which ran from Dugan Bros. to the defendant Dubin. I think in the interest of justice this motion should be granted.

Motion granted on default. Submit order.