SARAH COHEN, Plaintiff, *v.* DUGAN BROTHERS, INC., a Domestic Corporation, and Another, Defendants.

Supreme Court, Bronx County, April 8, 1929.

---

*Konowitz & Eder* [*Mordecai Konowitz* of counsel], for the plaintiff.

*J. J. Mahoney* [*F. L. Thielman* of counsel], for the defendant Dugan Brothers.

*I. Enselman,* for the defendant Dubin.

COTILLO, J. This action was tried without a jury on March 9 and 10, 1928. Thereafter on October 8, 1928, decision was filed rendering judgment for the plaintiff against both defendants. (132 Misc. 896.)

The action was brought by the plaintiff to recover damages for personal injuries sustained by her in biting into a nail embedded in a loaf of bread. The bread was manufactured by the defendant Dugan Brothers, Inc., and retailed to the plaintiff by the defendant Hyman Dubin. The plaintiff alleged two causes of action against both defendants, one for negligence, and one for breach of warranty. The court found in favor of the plaintiff against defendant Dugan Brothers, Inc., on the cause of action based on negligence and against the defendant Dubin on the cause of action based upon the breach of warranty, but did not render any judgment determining the rights of defendants between themselves, as prayed for in the answer of the defendant Dubin. The reason for failing to render any judgment between the defendants was that the record was not clear at the time it was submitted to the court that the defendant Dugan had complied with section 264 of the Civil Practice Act, regarding the service of the answer of Dubin on the defendant Dugan Brothers, Inc., twenty days before the trial. Thereafter Dubin moved to amend the judgment so as to provide for a judgment in his favor against the defendant Dugan Brothers, Inc. This motion was granted on default. (134 Misc. 500.) The defendant Dugan Brothers, Inc., now moves to open what is conceded to be an unintentional default on the motion to amend the judgment and to have the motion decided on the merits. This motion to open

the default is granted, and the relative merits as between the two defendants considered.

The defendant Dugan Brothers, Inc., concedes that prior to the trial of the action the defendant Hyman Dubin served upon the defendant Dugan Brothers, Inc., a copy of his answer in which answer the defendant Dubin set up an alleged claim against the defendant Dugan Brothers, Inc. An examination of the claim as set forth in the answer of the defendant Dubin discloses that after a reiteration of the plaintiff's alleged claim, the defendant Dubin claimed that the defendant Dugan Brothers, Inc:, warranted and represented that the bread was wholesome, fit and proper for human consumption and that both the said Dubin and the plaintiff relied upon such warranty and representation. The defendant Dubin claims that by reason of all the facts set forth in the said claim this action has been instituted against the defendant Dubin and the defendant Dugan Brothers, Inc., and that the said Dubin was obliged to and did retain counsel to defend the action. There is no question whatever that the defendant Dubin offered no proof to the effect that he had paid or incurred expenses for counsel fees in this action. Neither is there a single word of proof that the defendant Dubin had lost any business or had had his reputation damaged in any way whatsoever by reason of the alleged accident or the action brought thereunder. The judgment for the plaintiff as against the defendant Hyman Dubin was the only damage that can be possibly raised on behalf of Dubin as he did not establish and disclaims any right to recover anything in excess of plaintiff's judgment. The defendant Dubin's motion was made under section 264 of the Civil Practice Act, which reads as follows: " Where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and at least twenty days before the trial must serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon defendants so to be affected who have not duly appeared therein by attorney. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs.''

The defendant Dugan Brothers, Inc., contends that at this stage of the action the defendant Dubin has no right with respect to plaintiff's claim as against Dugan Brothers, Inc., for the reason that there has been no breach of warranty either express or implied running to the defendant Dubin. The defendant Dugan Brothers, Inc., also claims that the defendant Dubin has no other right with

respect to Dugan Brothers, Inc., arising out of the alleged action; that Dubin can acquire no right until he is injured. The contention of Dugan Brothers, Inc., may be summed up in the claim that as there is no proof that defendant Dubin may be compelled to pay the judgment in this action the court is without power to render the judgment in conformity with section 264 of the Civil Practice Act. This contention of Dugan Brothers, Inc., may be brushed aside in view of the opinion of Judge DOWLING in *Travlos* v. *Commercial Union of America* (217 App. Div. 352), where he has aptly said that the purpose of the Civil Practice Act is " to avoid circuity or multiplicity of actions, and to encourage and authorize the determination of damage and liability in one suit."

If the plaintiff had sued only Dubin there is no question but that under section 193, subdivision 2, of the Civil Practice Act Dubin could have moved to have a supplemental summons and pleading served on Dugan Brothers, Inc., so that the claim of Dubin against Dugan Brothers, Inc., could be determined. (*Travlos* v. *Commercial Union of America,* 217 App. Div. 352; *Fedden* v. *Brooklyn Eastern District Terminal,* 204 id. 741; *Bessey* v. *U. S. Shipping Board Emergency Fleet Corp.,* Id. 641.)

The court is of the opinion that substantial justice as well as the express language of section 264 requires that defendant Dubin have judgment against the defendant Dugan Brothers, Inc., for the amount of the judgment he may be compelled to satisfy. If Dubin should attempt to enforce execution before he has been subjected to pay out under the judgment against him, defendant Dugan Brothers, Inc., has ample remedy to restrain this. Settle order.