Max Weiner, Plaintiff, *v.* Mager & Throne, Inc., and Max Bittman and William Bittman, Individually and Copartners Doing Business as Bittman Brothers, Defendants.

Municipal Court of New York, Borough of Bronx, Second District, April 15, 1938.

*Marvin L. Levitt*, for the plaintiff.

*Ireland & Cohen*, for the defendant Mager & Throne, Inc.

*Kraus & Walsey*, for the defendant Bittman Brothers. ·

LEVY, J.   Plaintiff purchased a loaf of rye bread from the defendants Bittman Brothers.   This bread was not wrapped.   Affixed to it was the trade label of the defendant Mager & Throne, Inc.   The loaf was freshly baked.   Its entire appearance, including the outer crust, was normal.   When he sat down to a prompt dinner, plaintiff sliced the bread, took one slice, bit into it, and noticed worms embedded in the slice he had eaten and in the rest of the bread.   The worms were dead.   The plaintiff, as a result, became ill and nauseous.

The plaintiff sued Mager & Throne, Inc., the manufacturer, on the theory of negligence, and Bittman Brothers, the retailer, on the theory of breach of warranty.   Bittman Brothers interposed a general denial, and a cross-complaint (pursuant to Civ. Prac. Act, § 264) against Mager & Throne, Inc., on the theories of breach of warranty and of negligence, and prayed for judgment over against Mager & Throne, Inc., in the event that plaintiff succeeds against Bittman Brothers.   The defendant Mager & Throne, Inc., interposed a general denial to the plaintiff's cause of action against it, and, by separate pleading, a general denial to the cross-complaint of the defendants Bittman Brothers.

At the close of the plaintiff's case, as heretofore outlined, the defendants Bittman Brothers offered no testimony and rested their case.   Likewise, the defendant Mager & Throne, Inc., offered no evidence and rested its case.

It is the clear rule that a manufacturer of food products is liable to an ultimate consumer for injuries sustained by the consumer while eating such food product, if such injuries resulted from harmful ingredients negligently manufactured into the food. (Restatement of the Law of Torts, § 395; see comment " d " on "Ambit of Liability.")

Did Mager & Throne, Inc., manufacture this loaf of bread? Counsel for this defendant have admitted in their memorandum that the testimony permits the inference "that the said loaf of bread was manufactured and baked by defendant Mager & Throne, Inc." I do draw that inference. This defendant's trade label, affixed to the loaf, is some evidence that it manufactured the bread; and unless rebutted, or at least contested by evidence, gives rise to a reasonable inference that the owner of the trade label manufactured the article to which it was affixed. No one except Mager & Throne, Inc., had the right to use its trade name or label. In the absence of any evidence tending to show that this defendant's trade name or label was being wrongfully used by others, the inference is drawn that the name and label were used by it, and that this defendant was the manufacturer of the bread. (*Doyle* v. *Continental Baking Co.*, 262 Mass. 516; 160 N. E. 325. See, also, *Slavin* v. *Leggett & Co.*, 114 N. J. L. 421; 177 A. 120.)

Was Mager & Throne, Inc., negligent in the manufacture of the bread? Under the circumstances, negligence in the baking may be inferred from the presence of worms in the bread. It is urged by the manufacturer that since the loaf of bread was not in a sealed or wrapped package, the inference usually drawn is here unavailable. It is true that in the case cited by the plaintiff the bread was sealed or wrapped. (*Cohen* v. *Dugan Bros., Inc.*, 132 Misc. 896.) But this is only one fact to be considered by the trier of the facts in determining whether the proof is sufficient to raise a question whether the worms were in the bread when it left the place of manufacture. "It is superfluous to repeat that there can be no set formula to determine the quantum of evidence required to prove an ultimate fact. Each case must depend upon its own intrinsic circumstances." (*Ternay* v. *Ward Baking Co.*, 167 N. Y. Supp. 562, 563.)

I am convinced that the worms were in the bread when the loaf left the place of manufacture. The crust was normal. The worms were embedded in the bread. The bread was fresh. The worms were dead. In the absence of some evidence to support it I cannot speculate upon the possibility that the worms penetrated the rye crust after manufacture and died during the short time which elapsed between delivery by Mager & Throne, Inc., and the plaintiff's dinner. No proof has been adduced that bread is a good substitute for worm poison. I, therefore, hold that the defendant manufacturer is liable to the plaintiff in negligence.

It is elementary that a retailer is responsible to a consumer who purchased food from the retailer for injuries sustained by the consumer as the result of a deleterious or foreign substance contained

in that food. It makes no difference as far as the immediate seller's liability is concerned that the article of food was not manufactured by that seller. (*Ryan* v. *Progressive Grocery Stores, Inc.,* 255 N. Y. 388.) Bittman Brothers are, therefore, liable to the plaintiff for breach of warranty.

Bittman Brothers have demanded judgment over as against Mager & Throne, Inc., for any liability of Bittman Brothers to the plaintiff. There is no testimony in the record which tends to prove that the defendants Bittman Brothers purchased this loaf of bread direct from the defendant Mager & Throne, Inc. There may have been an intermediate entrepreneur. This excludes liability over to Bittman Brothers by Mager & Throne, Inc., on the contractual theory of breach of warranty. (*Chysky* v. *Drake Brothers Co., Inc.,* 235 N. Y. 468; *Giminez* v. *Great Atlantic & Pacific Tea Co.,* 264 id. 390.)

Bittman Brothers having been held responsible to the plaintiff for breach of warranty (on the theory of contract), and Mager & Throne, Inc., having been absolved from liability over to Bittman Brothers on that theory, can Mager & Throne, Inc., be held on the cross-complaint for negligence (on the theory of tort)? I think so. The cross-complaint by the retailer in this case was also based upon the theory of the manufacturer's negligence. Having found that the defendant Mager & Throne, Inc., manufactured the subject loaf, and having found further that such manufacture was negligent, I hold that the defendant Mager & Throne, Inc., is liable over in negligence to the defendants Bittman Brothers for the liability of the latter to the plaintiff.

The statute (Civ. Prac. Act, § 264) does not, in terms, limit recovery over to causes of action of the same kind or nature. Nor does analogy or logic compel such limitation.

With reference to the statutory authority in the Civil Practice Act for adding a new party defendant who is liable to the original defendant, it "makes no difference under the statute that the claim upon which the plaintiff is suing is a breach of contract claim, and the claim which defendant desires to assert against the third party is based on tort, or *vice versa.*" (2 Carmody's New York Practice [2d ed.], § 532, p. 875, similar language, in earlier edition; quoted with approval in *Travlos* v. *Commercial Union of America, Inc.,* 217 App. Div. 352, 358; *Hejza* v. *New York Central Railroad Co.,* 230 id. 624.)

*A fortiori,* it seems to me, where the defendant ultimately liable is already in the action, there should be a complete determination of the issues, whether tortious or contractual, since they are not

unrelated. " In order to avoid a multiplicity of suits, and to place it in the power of the defendant to get a determination of an entire controversy in a single action, statutory provision is made whereby, if the rights of the defendants as between themselves are determinable in an action, the whole matter may be disposed of in the judgment of such action, instead of leaving the defendants to litigate independently after the judgment has been entered in the main action." (3 Carmody's New York Practice [2d ed.], § 971, p. 2016.)

When this bread was manufactured, Mager & Throne, Inc., knew and expected that it would be placed upon the market for ultimate consumption by a member of the public, and that the bread would reach the public by way of a purchase from a retailer, such as Bittman Brothers. It was within the contemplation of Mager & Throne, Inc., as manufacturer, that if injury result to this consumer because of a foreign substance in the bread he would first look to his immediate seller to make him whole. The liability of that seller to the consumer in damages for breach of warranty is the proximate result of the manufacturer's negligence. Of course, Bittman Brothers cannot attempt to enforce collection from Mager & Throne, Inc., until they have paid out to the plaintiff the judgment against them, and a stay of execution as between the two defendants is granted accordingly. (*Cohen* v. *Dugan Bros., Inc.*, 134 Misc. 155.)

The plaintiff is entitled to recover the sum of $100, which I fix as his damages, against the defendants Bittman Brothers and Mager & Throne, Inc., and Bittman Brothers are entitled to recover over as against Mager & Throne, Inc. Five days' stay of execution on the plaintiff's judgment after service of a copy thereof with notice of entry. A stay is granted Mager & Throne, Inc., on the judgment over against it by Bittman Brothers for a period of five days after notice to Mager & Throne, Inc., that Bittman Brothers have paid to the plaintiff his judgment against them.