ANGELA HARRISON, Respondent, v. EMMADINE FARMS, INC., Appellant.— Action to recover damages for personal injuries and for property damage as a consequence of the collision of the defendant's truck and the plaintiff's automobile on a road in the city of Beacon. Judgment for the plaintiff and order denying defendant's motion to set aside the verdict and for a new trial affirmed, with costs. No opinion. Lazansky, P. J., Carswell, Adel and Taylor, JJ., concur; Close, J., dissents and votes to reverse the judgment and order and to grant a new trial on the ground that the verdict is against the weight of the evidence.

In the Matter of the Petition of BURTON W. JAMES to Obtain Order Construing the Last Will and Testament of FREDERICK K. JAMES, Deceased. BURTON W. JAMES, Appellant; JULIA WEBBER and PUTNAM COUNTY NATIONAL BANK OF CARMEL, as Executors, etc., of FREDERICK K. JAMES, Deceased, Respondents.— In a proceeding to construe a will, decree of the Surrogate's Court, Putnam County, as resettled, decreeing, among other things, that the legacy given by the " Tenth " paragraph of the will is valid, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

LOLITA MORENO and JOSEPH MORENO, Respondents, v. FRANCE MILLING COMPANY, INC., Appellant, and THOMAS ROULSTON, INC., Defendant.— Plaintiff-wife purchased from defendant, a retailer, a package of pancake flour manufactured and sold by appellant to defendant in sealed packages under a brand name. Upon eating pancakes made from the flour, plaintiff-wife became ill. She sued to recover damages for her pain and suffering, alleging negligence on the part of appellant, and her husband sued to recover for loss of services and medical expenses. Judgment for the plaintiff purchaser and her husband unanimously affirmed, with costs. The appellant's negligence was established without recourse to the testimony of the witness Gellis. (Cohen v. Dugan Bros., Inc., 132 Misc. 896; Weiner v. Mager & Throne, Inc., 167 id. 338, 340; Chysky v. Drake Brothers Co., 235 N. Y. 468, 473; P. G. Poultry Farm v. Newton B.-P. Mfg. Co., 248 id. 293, 296, 297; Agriculture and Markets Law, §§ 199-a, 200.) There was no inconsistency in the verdict. The law of the case under the charge of the court was that if the plaintiff-wife asked for this particular brand, the jury might exculpate the retailer. Therefore it must be assumed that since they did so they disbelieved that portion of plaintiff-wife's testimony in which she indicated that she did not ask for this particular brand. Such a holding in favor of the retailer is wholly consistent with the finding of negligence on the part of the manufacturer. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.