A. David Benjamín, J.
(dissenting). I dissent.
The facts are these: The plaintiff purchased from defendant Dilbert as retailer a jar of prune butter processed, bottled and produced by defendant Airlines. It is undisputed that from the time plaintiff purchased the jar of prune butter until she opened it for use the jar was tightly sealed and further that it is Airlines’ standard practice to fill, cap and secure all prune butter immediately after processing.
On opening the jar so purchased and after spreading some of the prune butter on a slice of bread and while biting into it (and I quote from plaintiff’s testimony): “ I heard this cracking, the cracking noise, and a jarring right up to my gum, and then I felt the taste of blood, and I spit out what I had in my mouth and it was a piece of prune pit. And it was — I would say about as thin as a dime and it was about a half length of my nail. It was sort of oblongish, about an eighth of an inch or a quarter of an inch long ”.
Plaintiff fractured a tooth and injured her gum.
She brought suit against Dilbert and Airlines for breach of warranty and against Airlines for negligence. Dilbert cross- *946 claimed against Airlines for breach of warranty and for negligence. After a trial without a jury the court found for plaintiff against Dilbert and for Dilbert on its cross complaint against Airlines, without, however, specifying on what grounds. Defendant Airlines appealed from the judgment over in favor of Dilbert.
The action based on negligence in Dilbert’s cross complaint is as follows: ‘1 for the amount of any judgment or verdict that may be recovered by the plaintiffs against this answering defendant, upon the ground that negligence, if any, is solely that of the defendant Airlines, in that said defendant negligently manufactured, - bottled and produced Simon Fisher Lekvar (prune butter) and negligently caused, created and permitted the negligent condition complained of without any negligence on the part of this answering defendant Dilbert Bros. Inc. ’ ’
At the trial Dilbert offered no proof and rested upon plaintiff’s case, thereby adopting plaintiff’s testimony. Such testimony made out a prima facie case of negligence against Airlines. It must be emphasized that from the time of the manufacture of the prune butter to the time of its ultimate use by plaintiff such jar was tightly sealed. The presence of a piece of prune pit in the prune butter constituted a foreign substance dangerous to the consumer, as witness the injuries sustained by plaintiff.
In Weiner v. Mager & Throne, Inc. (167 Misc. 338, 339), which involved a foreign substance in bread, the court stated: “ It is the clear rule that a manufacturer of food products is liable to an ultimate consumer for injuries sustained by the consumer while eating such food product, if such injuries resulted from harmful ingredients negligently manufactured into the food.”
In Cohen v. Dugan Bros. (132 Misc. 896) plaintiff purchased at a grocery store a loaf of whole wheat bread manufactured by the defendant Dugan Bros. At the time of such purchase it was sealed in a wax wrapper with Dugan’s name on it and was delivered to the plaintiff in the same condition as when it left the possession of-the manufacturer. After removing the wrapper and cutting a slice of bread and putting such slice in her mouth a tooth came in contact with and was broken by a nail imbedded in the bread and not visible. In finding for the plaintiff against the manufacturer the court said (pp. 898-899): 1 ‘ An action in negligence will lie against the manufacturer where injuries are caused by a foreign substance negligently *947 permitted to remain in an article of food. In such an action privity of contract need not be shown (MacPherson v. Buick Motor Co., 217 N. Y. 382.) The plaintiff by showing the purchase of the defendant’s bread and the presence of the nail therein, and the resulting injury has made out a prima facie cause of action in negligence [citing cases]. The presence of the nail in the bread bearing the name of Dugan’s 100 per cent wheat bread in a sealed waxed wrapper, and particularly when the bread delivered to the plaintiff was in the same condition as when it left the possession of the manufacturers, is an evidential fact from which negligence can be inferred.”
(On appeal the judgment was affirmed if plaintiff consented to a reduction in the amount thereof, failing which a new trial was ordered, 227 App. Div. 714.)
Similarly in Polvere v. Chunky Chocolate Corp. (140 N. Y. S. 2d 322, 323) the Appellate Term, First Department, stated in part: ‘ ‘ The plaintiff purchased a piece of chocolate which was double wrapped at the factory and which was found to have imbedded therein a sliver of metal. This does not appear to be a case where the foreign matter might have been introduced at any time after the manufacture of the product, and it appears reasonable to hold that negligence in the manufacture may be inferred from the presence of the foreign matter Weiner v. Mager & Throne, Inc., 167 Misc. 338 ”.
In Moreno v. France Milling Co. (261 App. Div. 991) the Appellate Division, Second Department, unanimously held that the manufacturer of pancake flour sold to plaintiff by a retailer in a sealed container under a brand name, the contents of which caused plaintiff to become ill upon use, was guilty of negligence and cited the Cohen case (supra).
In the instant action the defendant Airlines relied on the testimony of its plant manager to combat the prima facie case established by plaintiff’s testimony. He described how prune butter is manufactured, testifying that the prunes were cooked until soft and then run through a pulping machine which has a fine screen perforation, the pulp being driven through a strainer and the pits coming out at the other end completely separate. However, he stated that he did not know of his oato personal knowledge whether damage in the screen may occur during the processing of the prune butter and such screen removed and replaced by someone else. Such testimony obviously did not eliminate the possibility of human or mechanical failure in discovering foreign substances. Proof of adherence to common or standard practice is admissible for what it may be worth in *948 view of all the circumstances of a particular case, but it is not necessarily conclusive on the test of negligence. (Saglimbeni v. West End Brewing Co., 274 App. Div. 201, affd. 298 N. Y. 875.) The testimony of the defendant Airlines’ witness therefore did not necessarily overcome the plaintiff’s prima facie case. The credibility and weight to be given to the testimony of any witness is for the trier of the facts. Implicit in the judgment below is the finding that the testimony of the plant manager was insufficient to rebut the prima facie case in negligence made out by the plaintiff. Since actionable negligence against Airlines was proved, Dilbert is entitled to recover over on its cause of action in its cross complaint based on negligence.
The judgment should be affirmed, with costs. .
Pette, J., concurs, with Di Gtovanna, J.; Benjamin, J., dissents and votes to affirm in a separate opinion.
Judgment, so far as appealed from, reversed on the law, with $30 costs to defendant Airlines Food, Inc., against defendant Dilbert Bros., Inc., and cross complaint of defendant Dilbert Bros., Inc., against defendant Airlines Food, Inc., dismissed, with appropriate costs in the court below.