Arthur Wachtel, J.
This action was brought by the plaintiffs to recover damages for injuries, medical expenses, and loss of services alleged to have been sustained by the plaintiffs as a result of Rosemarie Goldberg finding a waterbug in bacon. The plaintiff, Rosemarie Goldberg purchased “Favorite Brand ” bacon, wrapped and sealed in a cellophane covering from the defendant Daitch-Shopwell hereinafter called the retailer. The bacon ivas processed and packaged by the defendant Hy-Grade Food Products Corporation hereinafter called the processor, and sold by it to the defendant retailer. The case was submitted to the jury on the theory of breach of warranty and negligence on the part of the retailer and negligence on the part of the processor. The jury returned a verdict against the defendant processor for $500 and found in favor of the defendant retailer.
The defendant processor now moves to set aside the verdict upon the ground that it was inconsistent. The defendant argues that “A verdict against the processor necessarily involved a determination that the processor was negligent in processing and packaging bacon unfit for human consumption ” and that ‘1 the jury to find in favor of the retailer must have found either there was no bug in the bacon or that Mrs. Goldberg was not injured by same. To return a verdict against the processer they must have found a bug in the bacon and injury resulting therefrom. ’ ’
The defendant’s argument is not tenable. It might be plausible argument if this were a case where the buyer expressly or by implication makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller’s skill or judgment. In such a casi there is *305 an implied, warranty that the goods shall be reasonably fit for such purpose (Personal Property Law, § 96, subd. 1; see Ryan v. Progressive Grocery Stores, 255 N. Y. 388). In such a case a verdict in favor of the retailer and against the processor would be inconsistent. (See Lucey v. Harstedt, 53 N. Y. S. 2d 557.) However, in this case the plaintiff asked for a particular brand of bacon which was sold in a sealed package, and there is no inconsistency in a verdict in favor of the retailer and against the processor (Moreno v. France Milling Co., 261 App. Div. 991; and, see, opinion of Mr. Justice Froessel then sitting as Justice of the Supreme Court, Trial Term, Queens County, Feb., 1945 in Lucey v. Harstedt, supra, p. 559).
What the situation might be had the plaintiff relied solely upon breach of warranty of merchantable quality under subdivision 2 of section 96 of the Personal Property Law the court does not determine because the plaintiff did not, in the case at bar, rely solely upon such warranty.
Accordingly, the verdict is not inconsistent and the motion is denied.