Adolph FRIEDMAN, doing business as Friedman Electric Company, Plaintiff,

v.

TYPHOON AIR CONDITIONING CO., Inc., Defendant.

Civ. 20194.

United States District Court
E. D. New York.

May 16, 1962.

Edward A. Harmon, New York City, for plaintiff; James Travis, New York City, of counsel.

Allen M. Taylor, New York City, for defendant; Robert Morris, New York City, of counsel.

ZAVATT, District Judge.

The facts in this matter have, in large part, been stipulated at a pretrial conference held before this court on February 5, 1962. The stipulated facts are as follows:

1. The defendant corporation is a citizen of New York State, having its offices and principal place of business in Brooklyn, New York. It is engaged in the business of manufacturing and selling air conditioning units. The plaintiff, a citizen of Tennessee, for a number of years, has been an authorized dealer of the defendant's air conditioners and has held an exclusive agency covering the city of Nashville, Tennessee.

2. Sometime prior to August 5, 1954 the plaintiff ordered from the defendant a number of Typhoon air conditioners, model No. H–845C, seven and one-half ton capacity, together with the couplings, connections, fittings, and all other items necessary to install such units.

3. The defendant knew that these units were bought by the plaintiff for the purpose of reselling them to its customers and that the plaintiff would install them for its customers.

4. The defendant also knew that these units were bought by the plaintiff with the understanding that they were reasonably fit for the purpose for which they were intended; to wit, to air-condition enclosed areas in places such as department stores.

5. The defendant impliedly warranted to the plaintiff that the unit in question and its accessories, when properly installed, was reasonably fit for the purposes for which it was intended.

6. On or about August 5, 1954, the plaintiff sold one of the aforementioned units to the H. Cohen Furniture Co., and installed it on the fifth floor of the buyer's store located at 207 Third Avenue North, Nashville, Tennessee.

7. After the installation, and on the same day, a rubber hose coupling which was part of the unit and its accessories became detached from the unit, as a result of which a considerable amount of water escaped from the unit and leaked onto the floor where the unit had been installed. The water seeped down from the fifth floor, onto all five floors of the H. Cohen Furniture Co. and caused substantial damage to the real and personal property of the said H. Cohen Furniture Co. The leakage continued through the evening of August 5, 1954 until the morning of August 6, 1954 when it was discovered.

8. To recover for the damage so suffered, the H. Cohen Furniture Co., in July, 1957, brought a lawsuit against both the plaintiff and defendant herein in the Circuit Court of Davidson County, Tennessee. However, the cause of action against the defendant herein was dismissed because of lack of jurisdiction.

9. On September 18, 1958 the plaintiff requested the defendant to vouch in and defend the action being prosecuted against him by the H. Cohen Furniture Co., in the Circuit Court of Davidson County, Tennessee. The defendant refused.

10. On July 17, 1959 the H. Cohen Furniture Co. recovered a judgment of $19,474.90 against the plaintiff, of which amount $11,974.90 represented the sum awarded as compensation for damage to property and $7,500 represented compensation for loss of profits during the period

that the business of the H. Cohen Furniture Co. was interrupted because of the water damage here involved.

11. As a result of the lawsuit brought against it in the Circuit Court of Davidson County, Tennessee, by the H. Cohen Furniture Co., the plaintiff became obligated for legal fees in the sum of $500. Such sum is conceded to be fair and reasonable.

12. The action instituted by the plaintiff in this court seeks only indemnity and not contribution.

In this suit the plaintiff alleges that the defendant has been guilty of:

(1) breach of warranty, based on the sale to the plaintiff of an allegedly unmerchantable, unfit, and unsafe air-conditioning unit;

(2) negligence based on the alleged faulty design and construction of the said air-conditioning unit;

(3) fraud, based on the alleged concealment of a latent defect in the said air-conditioning unit.

■ When this action was called for trial it further appeared that the plaintiff had not paid either the judgment recovered against him by the H. Cohen Furniture Co., in the Circuit Court of Davidson County, Tennessee, or the legal fees incurred in the defense of that action. Before selection of a jury, the defendant moved pursuant to Fed.R.Civ.P. 12(b) (6), 28 U.S.C.A. to dismiss the action for failure to state a claim upon which relief can be granted, contending that payment of the Tennessee judgment by the plaintiff is a condition precedent to the bringing of this action. The defendant contends that the contract and sale were made in New York, thus making New York law controlling, and that under New York law it is well settled that, in such a case, payment is a prerequisite to a recovery in indemnity; that, even if Tennessee law were found

to be controlling, the law of that state also would require payment as a prerequisite to this suit.

The plaintiff agrees that, if New York law is controlling, his suit is premature, but contends that Tennessee law governs since the contract was made in Tennessee, the damage occurred in Tennessee, and that that state had the greater number of contacts with the transaction. Under the plaintiff's view of the law of Tennessee, satisfaction of the Tennessee judgment and payment of the attendant legal fees was not a condition precedent to the institution of this action.

■ In regard to the tort allegations of the complaint, the law of New York is well settled that "a person secondarily liable for a tort cannot get indemnity from one primarily liable by merely proving that he has suffered an adverse judgment. 'The contract of indemnity implied by law in favor of one who is legally liable for the negligence of another covers loss or damage, not mere liability.' Thus until the judgment is actually paid there is no damage and no recovery. Similarly, New York does not permit contribution until one joint tortfeasor has actually paid more than his pro rata share of a judgment against the joint tortfeasors." Harris v. Standard Acc. & Ins. Co., 297 F.2d 627, 635 (2d Cir. 1961), relying on Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 67 N.E. 439, 440 (1903) and a long line of New York decisions. Payment is also a necessary prerequisite where indemnity is based on a breach of warranty theory. Occhipinti v. Buscemi, Sup., 71 N.Y.S.2d 766 (1947); Weiner v. Mager & Throne, Inc., 167 Misc. 338, 341–342, 3 N.Y.S.2d 918, 922 (Mun.Ct.1938); Cohen v. Dugan Bros., Inc., 134 Misc. 155, 235 N.Y.S. 118 (1929).[1]

Obviously, if the law of Tennessee is the same as that of New York, the action must be dismissed. A survey of the ap-

---

[1]. Payment is not, however, a condition precedent to the maintenance of a cross-claim or third party action against the indemnitor; judgment over against the indemnitor can be rendered, but execu-tion will be stayed until the indemnitee has paid the judgment against him. Frumer & Friedman, Products Liability, § 44.11 (1961).

plicable Tennessee law indicates that, indeed, is the fact, i. e., that in an indemnity suit of this type payment is a necessary prerequisite to recovery. In the case of Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744, 745 (1933), the question was presented of whether one tort-feasor who had paid the judgment could recover indemnity or contribution from another tort-feasor. In determining that contribution or indemnity might be had in certain instances the court stated that: "Where several are jointly responsible for an act not necessarily nor ordinarily unlawful, one who acted without moral guilt or wrongful intent in the commission of the act, *and who has paid the damages caused thereby*, may recover contribution from the other wrongdoers." (Emphasis added.) Citing 2 Pomeroy, Equitable Remedies, § 916, the court further stated that "Where one tort-feasor has been guilty of affirmative negligence creating a dangerous situation and the other tort-feasor, though under legal obligation so to do, has merely failed to discover or correct the situation caused by the negligence of the first, the second tort-feasor, *compelled to pay damages to a third person* may have indemnity of the first." (Emphasis added.) The language in Cohen v. Noel, supra, requiring payment as a prerequisite to a suit for indemnity or contribution has since been cited with approval in Davis v. Broad St. Garage, 191 Tenn. 320, 232 S.W.2d 355 (1950), and Carter v. E. T. & W. N. C. Transp. Co., 35 Tenn.App. 196, 243 S.W. 2d 505 (1949). In the latter case the court, in determining that recovery might be had by a contractor against a subcontractor for sums expended by the contractor in settlement of claims arising out of the negligence of the subcontractor, cited with approval, Restatement, Restitution § 76, which states the general rule of indemnity:

"A person who in whole or in part, *has discharged a duty owed by him,* but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the *payor*

is barred by the wrongful nature of his conduct. (Emphasis added.)"

It should be noted that Restatement, Restitution § 77, explicitly states that no right of action for indemnity accrues unless the indemnitee has actually paid the amount he seeks to recover:

Time when right of Indemnity Arises

(1) A person who, in whole or in part, has discharged a duty owed by him but which, as between himself and another, should have been discharged by that other, is thereupon entitled to indemnity if the time for performance has arrived.

The nature of the right to indemnity was also considered by the Supreme Court of Tennessee in Crump & Trezevant, Inc. v. Continental Cas. Co., 165 Tenn. 473, 55 S.W.2d 762 (1933), in which the measure of damages depended on whether a particular agreement was one of indemnity or of guaranty. In distinguishing between the two the court stated:

"[There is a] distinction between a bond or other contract binding the obligated parties to do particular things for the prevention of injury and damage to the obligee, and a contract or mere indemnity, binding the obligors to make good an injury or damage, or compensate for it, after occurrence thereof. In the former case, the obligee or covenantee may sue for and recover the money the obligors or covenantors bound themselves to pay, by way of indemnity against liability * * *. *In the latter case, he must have paid the money and so suffered actual loss before he can sue for the breach of the contract.* * * * Whether an action lies or not depends upon the true intent and meaning of the covenant; if it is simply to indemnify, and nothing more then damages must be shown, before the plaintiff can recover." (Emphasis added.) 55 S. W.2d at 763.

Decisions rendered in the federal courts applying the law of Tennessee also indicate that payment by the in-

demnitee is necessary before recovery may be had against the indemnitor. In Fontenot v. Roach, 120 F.Supp. 788 (E.D.Tenn.1954), the third party defendant moved to vacate the third party complaint which sought contribution on the ground that under the law of Tennessee no substantive right to indemnity or contribution exists until the defendant sued has satisfied the judgment. The court, after noting that contribution is merely a form of indemnity, upheld the third party defendant's contention and dismissed the third party complaint. Compare Vaughn v. Terminal Transp. Co., 162 F.Supp. 647 (E.D.Tenn.1957), in which on identical facts the court refused to vacate the third party complaint finding the matter to be one of federal practice, under which a third party claim may be asserted if only a mere possibility of liability exists, notwithstanding that under the substantive law of Tennessee there could be no recovery without the later filing of a separate suit. In the recent case of Interstate Life & Acc. Ins. Co., v. RKO Teleradio Pictures Inc., 201 F.Supp. 574 (W.D.Tenn.1962) the defendant contended that a lease providing for the payment of attorney's fees was only an agreement to indemnify. Thus the plaintiff could not recover unless it was able to prove that it had actually paid such fees. The court while agreeing with the defendant's contention that indemnity could be had only for amounts actually paid found

that the plaintiff had, in fact, paid the items in question.

The plaintiff relies substantially on Southern Fire & Cas. Co. v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785 (1952), in which the insured plaintiff was allowed to recover the full amount of a judgment rendered against him in excess of his policy limits, although he was otherwise without funds to pay it and, in fact, had not paid it.[2] The court found the insurer to have been guilty of bad faith in refusing to settle a lawsuit against the insured within the limits of his policy when it had had the opportunity to do so. Suffice it to say that the court there did not assert any rule applicable to indemnity suits generally but rather limited itself to the confines of insurance law. The court stated that it so held to ensure that insurance companies are not less responsive to their trust duties in controlling the investigation, settlement and litigation of claims in situations in which the insured is insolvent than in situations where the insured is able to discharge any judgment in excess of the policy limits which may be rendered against him.[3]

The court finds that, under the law of New York and the law of Tennessee, payment of the judgment and attendant legal fees is a necessary prerequisite to the bringing of this action. The defendant's motion is granted. Settle order on notice.

2. Under New York law there can be no recovery in a suit for bad faith in refusing to settle within the limits of an insurance policy unless the excess judgment so resulting has been paid. Harris v. Standard Acc. & Ins. Co., 297 F.2d 627 (2d Cir. 1961).

3. In some jurisdictions it appears that an action for breach of warranty is not necessarily premature because it is instituted before the vendee has sustained actual damage. Frumer & Friedman, Products Liability, § 44.11 (1961), based

on the view taken by some courts that a warranty is breached for purposes of the statute of limitations at the time the product is sold. None of those cases, however, appear to have involved the case of an insolvent indemnitee. Thus, while presumably the measure of damages in such cases is the potential loss the indemnitee will suffer, it is difficult to see how there could be any potential loss when, in fact, there has been no actual loss. See Harris v. Standard Acc. & Ins. Co., supra.