Mastix B. Stecher, J.
Plaintiff and 19 similar establishments sued Mr. and Mrs. Rosenstiel for merchandise sold and services rendered. Ultimately, the plaintiffs all succeeded against Mrs. Rosenstiel only. She in turn obtained judgments over against her husband on cross complaints in some 14 of the actions. Mr. Rosenstiel now seeks an order restraining the collection of these judgments (CPLR 5240).
But one issue has been raised: Must Mrs. Rosenstiel have paid the underlying judgments before she can enforce the judgments granted her on her cross complaints?
By its very nature a judgment for a sum of money, absolute in its terms, is a judicial declaration of the present right of the judgment creditor to receive payment. In the interest of justice, such right to payment may at times be suspended or even abrogated.
Thus, where a plaintiff obtains judgment against both defendants and one of the latter recovers a judgment over against his codefendant, enforcement of the latter judgment will be suspended until the defendant-creditor has paid the plaintiff-creditor. (Weiner v. Mager & Throne, Inc., 167 Misc. 338; Cohen v. Dugan Bros., 134 Misc. 155.) The reason is readily apparent: If such limitation were not imposed, the second defendant would be subject to the risk of paying the same judgment twice.
Similarly, where the holder of the judgment over is discharged in bankruptcy prior to paying the underlying debt, recovery may be denied (Cumming & Cumming v. Hackley & Fisher, 8 Johns. 202).. “ The question [however] is not whether the plaintiff will profit from recovery but whether he will be damaged by a denial of recovery ’ ’; and where no discharge in bankruptcy has been had or where there is not even an allegation that the holder of the judgment over is insolvent, the Cumming case (supra) would appear to be inapplicable (Harris v. Standard Acc. & Ins. Co., 297 F. 2d 627, 635).
Numerous examples exist where secondary obligations are enforced prior to the payment of underlying debts. In Metropolitan El. Ry. Co. v. Kneeland (120 N. Y. 134) the maker of a note was entitled to a judgment — and presumably the enforce *110 ment thereof — against a person who had improperly negotiated it, even though the note remained unpaid. (To the same effect see Decker v. Mathews, 12 N. Y. 313.)
A lessee’s covenant to pay to the lessor taxes and assessments on realty is enforceable even though the lessor has not made payment to the taxing authority (Rector v. Higgins, 48 N. Y. 532).
Where, as here, the obligation is absolute, and not mérely an indemnification against loss (Doyle v. New York City Tr. Auth., 9 A D 2d 903); no risk of dual payment is present; real damage exists in.the form of the plaintiffs’ judgments against Mrs. Rosenstiel; and where there is no showing 1 ‘ of special circumstances diminishing ” Mrs. Rosenstiel’s obligations to the plaintiffs (Metropolitan v. Kneeland, supra, p. 144); no reason exists for judicial interference with the enforcement of her judgments against Mr. Rosenstiel.
The motion is' denied and the stays contained in the order of May 24,1968,. are vacated.