Catron, Ch. J.,
delivered the opinion of the court.
Foster and Barkly were the sureties of Barkly and Foster,- merchants, to a sealed note for $315, payable to Samuel Owens. When the note fell due, Foster paid it, and suit was brought for Bowman’s use, in assumpsit, against Cage, as executor of Barkly, the co-surety.
1. It was submitted to the jury, on proof of the facts, whether Bowman was entitled to sue for his own use in Foster’s name. The jury found he was. This was a mistaken course of practice. If Bowman brought the suit in Foster’s name, without his authority, then the defendant might have stated the fact on affidavit, and have had a rule on the plaintiff to show cause why the suit should not be dismissed. If no authority was produced from Foster, then Bowman would have been in contempt for abusing the process of the court, and the suit would have been dismissed. So it is in case an attorney brings a suit at the request of one who sues in the name of another; and so this court has twice holden. The fact *264 whether Bowman liad the authority to bring the suit in Foster’s name, was not in issue, and no proof before the jury ought to have been heard touching the point. No harm, however, resulted from it.
2. Can a surety who has paid the debt of his principal, maintain assumpsit against his co-security for his proportion of the amount; and this without demanding payment of the co-surety?
The declaration alleges a general request and promise to pay. The general issue was pleaded, and found for the plaintiff. The plaintiff was not bound to prove more than he had alleged. But aside from this, it is believed no special request was necessary to authorize the co-surety to recover the moiety from Barkly or his executor, the principals being insolvent. Barkly and Foster were jointly bound to pay Owen when the note became due, of course in equal proportions. For either to withhold payment, was a violation of the laws of the land, as it affected Owen, the obligee, and contrary to good morals. To Owen, either Barkly or Foster were bound for the whole, and as a punctual and honest man, it was the duty of Foster to pay the day the note fell due. On doing so, he paid one moiety for Barkly, and could well sue him for money paid to his use. This is clear on principle, and on authority, where the principal debtor is insolvent. How it is when he is solvent, it is not necessary in this case to enquire. 2 Com. on Con. 187: 17 Mass. R,. 464. The act of 1801, ch. 15, maintains the same principle of liability, and provides a summary remedy where judgment is had by the obligee against the surety, permitting him to recover over against the principal without having paid. The act of 1809, ch. 69, extends the principle, and gives the remedy by motion to surety against co-surety. We think the verdict was correct, and order the judgment to be affirmed.
Judgment affirmed.