CakutheRS, . J.,
delivered the opinion of the Court.
This is an appeal in error by the State, from a judgment of the Circuit Court of Scott county, quashing the indictment for malicious mischief, in throwing down the fence of Nathaniel Hammond. The offence is created and defined in the 11th paragraph of the 5652 section of the Code. The descriptive words are.:
“ To wilfully and maliciously ****** throw down any fence.”
The punishment is, “ imprisonment not exceeding three months, with, or without fine.”
The indietment describes the offence in this case, thus:
“ The said Martin Pennington, on the 24th .of July, 1858, ii= ****** unlawfully, maliciously and.wantonly *120 did throw down a certain fence, the property of Nathaniel Hammond.”
The defect, for which the indictment was gnashed, as we are informed in the argument, is, that the word “ wilfully” is omitted, and the words, “ unlawfully and wantonly,” suh-stituted in the description of the offence.
A substantial description of the offence is all that is required, Bilbo v. The State, 7 Hum., 534. The offence is created by statute, and consists in wilfully and maliciously throwing down the fence of another. The indictment omits “wilfully,” but inserts “ unlaw,fully and wantonly." The act charged could only be “ unlawful,” by being done in violation of the statute, for by that alone it is made an offence.
It is safest to pursue the language of the statutes in all indictments, but it is not indispensable to do so, if the offence is accurately described in other words. To throw down another’s fence “ wilfully and maliciously,” constitutes the crime-Would not the words of this indictment, “ unlawfully, maliciously and wantonly,” convey as perfect an idea of the crime charged, as those in the statute ? There may be a difference in the definition of the words in the dictionaries, but in substance, and in law, the offence imputed is the same, and the description of the offence, as accurate and well understood by one mode of expression as the other. It would savor too much of the technical precision, of days that have passed, which so much obstructed the administration of justice, to give effect to an objection like this. In this'change from the form to the substance of things, neither the Courts nor the Legislature will be apt to retrace their steps.
We think there was error in quashing the indictment, and therefore reverse the judgment, and remand the case for trial-