Mrs. Regina Cohen, Plaintiff in Error, *v.* Oscar F. Noel and John H. Noel, Trustees *et al.*, Defendants in Error.

(*Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

J. B. Daniel and Cate & Cate, for plaintiff in error.

JOHN J. HOOKER and SETH M. WALKER, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by way of recovering indemnity which the plaintiff alleges she is entitled to obtain from the defendants on account of a judgment for $10,000, together with the costs and interest, which she has had to pay. The trial judge sustained a demurrer and the plaintiff has appealed.

The declaration avers that the defendants own and operate a public garage in the City of Nashville in which building they lease parking space for the automobiles of their customers. That plaintiff was a customer of defendants and sent her car, in charge of a servant of hers, to defendants' garage. That defendants were painting the interior of their garage and had placed a long ladder in one of the runways leading to the parking places and one Richards, an employee of defendants, had gone up this ladder and was standing on same at a considerable elevation above the floor, painting, when plaintiff's car entered the garage in charge of her chauffeur. It is charged that the garage was dimly lighted and that plaintiff's servant failed to see the ladder and the painter, as her car was driven along the runway, and that some part of plaintiff's car, as it was being driven in the garage to be parked, by inadvertence came in contact with the ladder and caused it to fall and Richards, standing on the ladder, was injured. It is stated that the driver of plaintiff's car entered the garage in the usual and customary manner at the usual and customary place with-

out any knowledge of the presence of the ladder in the runway. It is set out that defendants were negligent in failing to furnish their servant Richards a safe place to work, in failing to notify drivers of cars entering the garage of the presence of the ladder in the runway and in otherwise failing to properly discharge the duties of master to servant. That while defendants were accordingly liable to their servant Richards for the injuries sustained by him, Richards sued the plaintiff alone and recovered a judgment of $10,000 against her, as aforesaid, which she has paid with interest and costs. It is charged that defendants should be held primarily liable for the injuries of their servant Richards and plaintiff sues for reimbursement for her outlay on this account.

The point of the demurrer, sustained by the trial judge, is that, according to the averments of the declaration, plaintiff and the defendants were joint tort feasors and that there can be no contribution or indemnification as between such joint tort feasors.

It is to be observed that this case comes before us upon declaration and demurrer. The record in the case wherein Richards obtained the judgment against plaintiff is not before us. So far as the declaration herein discloses the facts, the only negligence of which plaintiff's chauffeur was guilty, and upon which the recovery against her rested, was his failure to see the ladder as he drove plaintiff's car along the runway.

The general rule is that where two parties participate in the commission of a tort, and one party suffers damage thereby, he is not entitled to indemnity or contribution from the other party. This is laid down in *Anderson* v. *Saylors,* 40 Tenn. (3 Head), 551, and *Rhea* v. *White,* 40 Tenn. (3 Head), 121. These cases follow

*Merryweather* v. *Nixon,* 8 T. R., 186. The application of this rule has been much limited, both in England and America, by subsequent decisions.

In *Rhea* v. *White, supra,* exceptions to the rule are noted, although that case fell within the general rule and not within any of the exceptions.

In *Maxwell & Co.* v. *Louisville & N. R. Co.,* 1 Cooper's Chy., 8, the chancellor discussed the rule at some length and emphasized the exceptions thereto.

In *Central Bank & Trust Co.* v. *Cohn,* 150 Tenn., 375, this court declined to apply the rule as between parties held jointly liable for a conversion of trust property. In that case a member of the Nashville Bar had in his possession a note payable to him as "trustee." Under decisions of this court (*Ford* v. *Brown,* 114 Tenn., 467, and cases cited), the "trustee" gave notice of the existence of a trust and charged those taking the paper with the duty of ascertaining the restrictions imposed upon the trustee in the management of the trust. The attorney negotiated this note for his own purposes and it changed hands two or three times. All those taking the note were technically tort feasors. As the attorney, however, up to the time of his negotiation of the note, had enjoyed a high reputation, and the parties handling the note under his endorsement were guiltless of any intended wrong, contribution among them was decreed. The court approved a statement from 2 Pomeroy's Equitable Remedies, section 916, that "where several are jointly responsible for an act not necessarily nor ordinarily unlawful, one who acted without moral guilt or wrongful intent in the commission of the act, and who has paid the damages caused thereby, may recover contribution from the other wrongdoers."

██ Another limitation upon the rule of *Merryweather* v. *Nixon,* sanctioned by courts of highest repute, is that where one tort feasor has been guilty of affirmative negligence creating a dangerous situation and the other tort feasor, though under legal obligation so to do, has merely failed to discover or correct the situation caused by the negligence of the first, the second tort feasor, compelled to pay damages to a third person, may have indemnity of the first.

In *Washington Gas Light Co.* v. *District of Columbia,* 161 U. S., 316, a pedestrian had been injured by stepping into an open gas box placed and maintained on a sidewalk by the gas company. The injured party sued the District of Columbia and obtained a recovery. The District of Columbia thereupon sued the gas company for the amount of the damages which the former had been forced to pay. Upon authority of *Lowell* v. *Boston & L. R. Corp.,* 23 Pick.; 24, 34 Am. Dec., 33, *Brooklyn* v. *Brooklyn City R. Co.,* 47 N. Y., 475, 7 Am. Rep., 469, *Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola,* 144 N. Y., 663, *Gray* v. *Boston Gas Light Co.,* 114 Mass., 149, 19 Am. Rep., 324, and other cases, the Supreme Court of the United States approved a recovery of the District against the gas company.

*Washington Gas Light Co.* v. *District of Columbia* was referred to and sanctioned by the Supreme Court in *Union Stock Yards Co.* v. *Chicago, etc., R. Co.,* 196 U. S., 217, and in the later case the court stated the principle as being "that notwithstanding the negligence of one, for which he has been held to respond, he may recover against the principal delinquent where the offense did not involve moral turpitude, in which case there could be no recovery, but was merely *malum prohibitum,* and the law

would inquire into the real delinquency of the parties, and place the ultimate liability upon him whose fault had been the primary cause of the injury.''

In *Lowell* v. *Boston & L. R. Corp., supra,* a municipality was held liable for an injury to a person on the highway without actual or active negligence on its part. The municipality was in turn held entitled to recover over against a railroad company which had created the dangerous condition in the street and negligently failed to maintain barriers. The court said:

''If the parties are not equally criminal, the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense. In respect to offenses, in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offense is merely *malum prohibitum,* and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrongdoers.''

In *Gray* v. *Boston Gas Light Co., supra,* a telegraph wire was fastened to the plaintiff's chimney without his consent and the weight of the wire having pulled the chimney over into the street, injuring one passing by, suit was brought against the property owner for damages. The property owner settled the damages at a figure which the court thought reasonable and successfully maintained a suit against the gas company. The court said:

''When two parties acting together commit an illegal or wrongful act the party who is held responsible for the act cannot have an indemnity or contribution from

the other because both are equally culpable or *particeps criminis,* and the damage results from their joint offense. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damages. He may recover from the party whose wrongful act has exposed him. In such case the parties are not *in pari delicto,* as to each other, though as to third persons either may be held liable.''

In *Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola, supra,* a defective dock was furnished by the defendant to the plaintiff on account of which the plaintiff had to respond in damages to a third person. Indemnity to the plaintiff was allowed, the court saying:

''Where, therefore, a person has been compelled, by the judgment of a court having jurisdiction, to pay damages caused by the negligence of another, which ought to have been paid by the wrongdoer, he may recover of the latter the amount so paid, unless he was a party to the wrong which caused the damage.''

The cases with reference to the limitations upon the doctrine of *Merryweather* v. *Nixon* are too numerous to permit of a full review. They may be found collected in notes, 2 Anno. Cas., 528, Anno Cas., 1913B, 938, 36 L. R. A. (N. S.), 583, 16 Am. St. Rep., 254. The decisions are not altogether harmonious but those best considered recognize an exception to the rule that there can be no contribution or indemnification between the tort feasors in cases where one of them makes the condition that causes the damage and the other merely fails to detect or remedy that condition. Where the negligence of one is positive, that of the other, negative. We decide no more in this case, notwithstanding some of the language of the

opinions from which we have quoted would justify a broader exception to the general rule.

The defendants refer to *Holland* v. *Railway & Light Co.*, 6 Hig., 68, in which the Court of Civil Appeals, on the authority of certain expressions in *Anderson* v. *Saylors, supra,* concluded that in a recovery against several defendants for damages for tort, no right of contribution existed in favor of any, whatever might have been the nature of the case, or the apparent right of the one on principles of natural justice to have contribution or indemnity against the other. *Holland* v. *Railway & Light Company* was decided prior to *Central Bank & Trust Co.* v. *Cohn, supra,* which plainly restricts the sweeping statements in *Anderson* v. *Saylors, supra.*

It appears from the declaration herein that the only negligence of which the plaintiff was guilty and for which she had to respond in the previous case was the failure of her servant to discover a dangerous situation caused by the negligence of defendants. Upon the authorities mentioned, we think the declaration stated a case. The car was not moving on the highway, where active diligence would be exacted of the driver, but was moving on a space expected to be kept clear, and said to have been dimly lighted. If these be the facts, we think the failure of the driver to see the ladder was passive negligence.

Certain matters referred to by counsel for defendants are not before us at this time. Judgment reversed and the case remanded for further proceedings.