Davis *et al. v.* Broad Street Garage *et al.*

(*Knoxville,* September Term, 1949.)

(May Session, 1950.)

Opinion filed July 15, 1950.

Petition to Rehear August 31, 1950.

MEACHAM & MEACHAM, of Chattanooga, for Roberts.

MOON & ANDERSON, of Chattanooga, for Broad St. Garage.

CHARLES A. NOONE, of Chattanooga, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The original bill herein was demurred to. The demurrer was overruled and a discretionary appeal allowed the demurrants.

In substance, the allegations of the bill are that Mrs. Davis, one of the complainants, was driving the automobile of the complainants on one of the streets in Chattanooga. When she approached an intersecting street she looked both ways, and could see about 180 feet to her right when she neared the intersecting street; that she entered this street and as she was about half way

across Mrs. Roberts, one of the defendants, ran into the right rear of the Davis automobile; that Mrs. Roberts was driving fast, negligent and without looking or applying her brakes; that this gross negligence of Mrs. Roberts was the cause of the accident. It is alleged that the acts of negligence of Mrs. Roberts "were active and flagrant, while the act of negligence on the part of the complainant Jeanne K. Davis was merely passive." Mrs. Davis' only act of negligence being her failure to again look to her right as she entered the intersection.

It is further alleged that the car driven by Mrs. Roberts was the property of Broad Street Garage; that it was loaned to the Roberts' while the garage repaired a car of the Roberts'; that the garage had damaged the Roberts' car and this loan of their car was while the Roberts' car was being repaired; that the Roberts were valued customers of the garage while the Davis' were not.

The Davis' and the Roberts' sued each other in the Sessions Court where the Davis' won. On appeal to the Circuit Court both parties lost—their respective suits being dismissed. The garage sued both Davis' and Roberts' in Sessions Court where they gained a judgment against Roberts' alone. On appeal the Circuit Court gave judgment against both Davis' and Roberts'. The judgment against the respective husbands being based on the family purpose doctrine, as neither was present nor took part in the accident.

It is further alleged that "it was stated by an authorized agent of the said Broad Street Garage that if judgment were rendered against all of the defendants named in that suit, it would not attempt to collect anything from the said F. W. Roberts and wife, but would collect the whole judgment and costs from complain-

ants;" that offers were made by complainants to pay half of Garage's damages; that they offered to buy the judgment and take an assignment; that all these offers were refused the garage insisting they were going to collect the full amount from complainants; that the "whole course of dealings from the beginning constitutes a fraudulent conspiracy between" the garage and Roberts to cast the burden of the damages to Garage's automobile on the Davis'; and that the Garage has released the Roberts' of any and all liability.

The complainants paid the full judgment into Court and asked to be allowed to pay one-half of the judgment and be released, or, that they pay the entire judgment with a right over against the Roberts' for one-half the judgment.

There are nine separate grounds set out in the demurrer, all of which are urged in the brief. But in oral argument before the Court, the principal ground relied upon was that under the law there could be no contribution among the judgment defendants because they were joint tort-feasors.

We do not find it necessary to refer in this opinion to each separate ground of the demurrer as set forth in the demurrer and in the assignments of error. The Chancellor in his opinion filed with the record attacks the rule first enunciated in *Merryweather* v. *Nixan,* 8 Durnford & East's Term Reports 186, later adopted by this Court in *Anderson* v. *Saylors,* 40 Tenn. 551, and *Rhea* v. *White,* 40 Tenn. 121, to the effect that where two parties participate in the commission of a tort, and one party suffers damage thereby, he is not entitled to indemnity or contribution from the other party. This general rule of noncontribution between joint tort-feasors had its origin in *Merryweather* v. *Nixan,* 1799, supra.

Prosser in his review of the case says: ". . . the plaintiff's claim for contribution rested upon what was, in the eyes of the law, entirely his own deliberate wrong."

 The courts generally agree that there can be no contribution between joint wrongdoers where they, by concert of action, have been guilty of a wilful tort, an immoral act, or were consciously violating the law. No one will now contend that in such circumstances the machinery of the courts of justice should be made available to one of the wrongdoers to compel another to share a part of the burden. But the exceptions to the rule are too numerous to permit citation of cases. In *Cohen* v. *Noel*, 165 Tenn. 600, 56 S. W. (2d) 744, 745, Chief Justice Green speaking for the Court held that joint tort-feasor would be allowed contribution from another where his negligence was alleged to be only passive, whereas his adversary was guilty of active negligence. Numerous cases are cited wherein contribution was allowed upon the theory that the joint tort-feasors were "guiltless of any intended wrong". *Central Bank & Trust Co.* v. *Cohn*, 150 Tenn. 375, 264 S. W. 641. Our cases make a clear distinction between wilful and intended wrongs in which the general rule of noncontribution is recognized and wrongs resulting from purely negligent acts, mistakes or other unintentional breaches of the law in which contribution is allowed.

In *Graham* v. *Miller*, 182 Tenn. 434, 187 S. W. (2d) 622, 624, the late Mr. Justice Chambliss, speaking for the Court, said that this Court in *Cohen* v. *Noel*, supra, had "approved an exception to this rule thus stated by the Supreme Court in Union Stock Yards Co. of Omaha v. Chicago, etc., R. Co., 196 U. S. 217, 25 S. Ct. 226, 228, 49 L. Ed. 453, 2 Ann. Cas. 525, 'that, notwithstanding the

negligence of one, for which he has been held to respond, he may recover against the principal delinquent where the offense did not involve moral turpitude, in which case there could be no recovery, but was merely malum prohibitum, and the law would inquire into the real delinquency of the parties, and place the ultimate liability upon him whose fault had been the primary cause of the injury.' ''

■ Mr. Justice Chambliss said further in *Graham* v. *Miller,* supra, that the ''controlling principle (of the Cohen case) to be that, 'where the negligence of one is positive, that of the other, negative,' such a 'one' may not recover over against 'the other,'—the obvious implication being that the other, guilty of passive or negative negligence only, may recover over against the one who has contributed more proximate, positive, or active negligence to the injury.''

■ ■ We, herein, only apply the rule and its exceptions insofar as they are applicable to the facts alleged in the instant bill. These facts, insofar as here concerned, must be taken as true on the demurrer. For this reason we, in the outset of this opinion, have rather fully set forth the facts as alleged in this bill. Under this allegation of fact it clearly seems to us that an exception to the rule of contribution between tort-feasors should be applied by a court of chancery. This may be a further extension of the exceptions to the rule as heretofore applied by the courts of this State. If it is, justice and right demand that this further extension to the exceptions be here applied.

''There is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone, according to the accident

of a successful levy of execution, the plaintiff's whim or malevolence, or his collusion with the other wrong-doer, while the latter goes scot free. Half a century of vigorous denunciation has had its effect in the introduction of a number of 'exceptions' which, to some extent, have restored in America the original English rule.'' Prosser on Torts, page 1114.

This Court in two of the cases referred to in this opinion, and especially *Cohen* v. *Noel,* has adopted and cited with approval a statement from 2 Pomeroys Equitable Remedies, Section 916, that ''where several are jointly responsible for an act not necessarily nor ordinarily unlawful, one who acted without moral guilt or wrongful intent in the commission of the act, and who has paid the damages caused thereby, may recover contribution from the other wrongdoers.''

We feel that under the facts as alleged in this bill that the doctrine as prayed for herein should be applied.

It results that the decree of the Chancellor must be affirmed. The costs of appeal will be taxed against the appellants and their sureties while the costs below will await the outcome of the suit there.

TOMLINSON, JUSTICE (dissenting).

Eliminating conclusions of the pleader, the facts established by the allegations of the bill are:

(1). Mrs. Davis and Mrs. Roberts were both guilty of separate acts of negligence while entering the street intersection in which the collision occurred. Mrs. Davis entered the intersection without looking to her right to ascertain the approach of other automobiles about to enter. Mrs. Roberts, approaching from Mrs. Davis' right, entered ''driving fast'' ''without looking or applying her brakes''. So, each was guilty of a failure to

exercise that active diligence exacted of a driver of an automobile along the streets of a city.

(2). It has been judicially determined that the independent negligence of each was a proximate cause of the collision. Each sued the other, and it was adjudged that neither was entitled to recover. Neither appealed.

It follows from the above-stated facts of the declaration that Mrs. Davis and Mrs. Roberts are joint tortfeasors *in pari delicto,* with the negligence of each being a proximate cause of the wrong for which a joint and separate judgment was obtained against them. So, neither is entitled to contribution from the other, since neither can prove her innocence of the wrong.

"A recovery against a party . . ., for a joint wrong, prima facie, at least, if not conclusively, so places him in pari delicto, as that he can have no contribution unless he aver and prove his innocence of the wrong; and that is not done in this case." *Rhea* v. *White et al.,* 40 Tenn. 120, 125.

The bill admits participation in, rather than innocence of the wrong, in that it admits a failure of the active diligence required at the time and place, but for which failure it is apparent the collision would not have occurred.

The case of *Maxwell, etc.* v. *L. & N. R. R.,* 1 Tenn. Ch. 8, on page 115, unqualifiedly reaffirms the rule just stated in the above quotation with this statement: "The rule, thus qualified, is unexceptionable".

*Cohen* v. *Noel,* 165 Tenn. 600, 56 S. W. (2d) 744, seems to be relied upon as authority for the conclusion reached in the majority opinion. I am unable to so consider it. That case in referring to the rule above quoted, to use its own language, simply held this, 165 Tenn. page 607, 56 S. W. (2d) page 745: "This rule does not apply when

one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damages.''

In the instant case both Mrs. Davis and Mrs. Roberts joined in the creation of the situation which brought about the collision.

As I interpret *Cohen* v. *Noel,* supra, it is an authority against, rather than an authority which supports the holding of the majority opinion. The Cohen case, after pointing out that one of the parties created the nuisance without the other joining therein, thereby bringing that case within an exception to the general rule hereinabove quoted, then said this: ''The car was not moving on the highway, where active diligence would be exacted of the driver, but was moving on a space expected to be kept clear, and said to have been dimly lighted.'' 165 Tenn. page 608, 56 S. W. (2d) page 746.

The absolutely necessary implication from the statement just quoted is that had the cars been moving on the highway, then the general rule, rather than the exception stated, would be applicable. In the instant case the cars of Mrs. Davis and of Mrs. Roberts were moving on city streets.

It is true that the bill alleges the negligence of Mrs. Davis to have been ''passive''. That is a conclusion of the pleader. The negligence admitted in the bill is a failure to exercise the active diligence exacted at the time and place. But for that failure it is apparent the collision would not have occurred, and it has been judicially so determined, as shown upon the face of the bill, by the adjudication, unappealed from, that Mrs. Davis was not entitled to recover from the other negligent party for the damage which she, Mrs. Davis, sustained in that collision.

The text upon this subject in 13 American Jurisprudence, page 38, states what clearly appears from the references to be the test applicable here: "Are the parties, as between themselves, wrongdoers? If they are, then the claimant must take advantage of his own wrong in order to recover contribution."

That same text, page 46, citing decisions from many jurisdictions states the rule which I think is applicable as follows: "If it cannot be said that the injury would have occurred irrespective of the claimant's neglect of his duty, generally it makes no difference whether the negligence of the parties was unequal in degree, or whether the injury resulted from the concurrence of independent acts of negligence coinciding in time, place, or result, or even that the injury would not have occurred except for the concurrence of the defendant's negligence with that of the claimant; contribution will be denied notwithstanding."

I cannot escape the conclusion that the majority opinion, instead of making what it calls an exception to, reverses in fact the general rule prohibiting contribution among joint tort-feasors against whom a third party has obtained a judgment for the damage resulting by concurrence of their independent acts of negligence coinciding in time and place. The rule may be inequitable—it probably is—but it has always been the public policy of this State. If that public policy is to be reversed at this late day, should it not be done by the Legislature rather than the Court? That seems to have been the practice followed in other states, as reflected by the annotations in 122 A. L. R., commencing at page 521 and 141 A. L. R., commencing at page 1207.

Justice Gailor authorizes me to say that he joins in this dissent.

ON PETITION TO REHEAR

BURNETT, JUSTICE.

A courteous, dignified and respectful petition to rehear has been filed herein. This petition is purely a reargument of matters heretofore ably argued. There are no new authorities cited. This Court, individually and collectively, has heretofore given all these questions our most earnest and sincere thoughts. We arrived at our conclusions as expressed in the respective opinions after much thought and inter-conference discussion. The majority sees no reason to change.

Upon reconsideration and further thought the majority of this Court hold that the rule of law expressed in the majority opinion should be the law of Tennessee and not just applicable to the facts of the instant case. We feel that justice, right and equity demand this conclusion.

The petition to rehear will be denied. The original opinion will be enlarged as indicated in the second paragraph herein.