AMERICAN CAS. CO. *et al. v.* BILLINGSLEY.

(*Nashville,* December Term, 1952.)

Opinion filed July 17, 1953.

GEORGE F. HENRY, JR., of Starkville, Miss., and E. H. BOYD, of Cookeville, for plaintiffs.

H. H. CLARK, of Cookeville, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

The trial court sustained a demurrer to the declaration to dismiss the case.

This is a suit for contribution among tort-feasors and we think the case is controlled by *Davis* v. *Broad Street Garage,* 191 Tenn. 320, 232 S. W. (2d) 355, and *Cohen* v. *Noel,* 165 Tenn. 600, 56 S. W. (2d) 744. The controversy springs from an automobile accident involving the automobiles of Henry, one of the plaintiffs, and Billingsley, as a result of which Henry obtained and collected a judgment against Billingsley.

It seems that Billingsley was on the wrong side of the road and to avoid a collision, Henry pulled out to the side of the road, skidded in gravel and struck the building owned by Claude Hensley and wife, Grace Hensley, doing substantial damage thereto. Billingsley's car was untouched. Following the suit and collection of the judgment by Henry against Billingsley, the Hensleys sued Henry and Billingsley for the amount of their damage to the building. It seems this case was dismissed as to Billingsley and a judgment entered against Henry for $485. The present suit seeks contribution against Billingsley. The trial judge was of the opinion that this was not

a case for contribution. In this, we think he was in error. When Henry obtained a judgment against Billingsley, this settled the liability as between the two. There was no question of wilfulness in the case. While it may be that Henry was guilty of some negligence and evidently he was because the Hensleys recovered a judgment against him for damages to their building, yet under the allegations of the declaration and the stipulations, it appears that in so far as Billingsley was concerned, Henry was guilty only of passive negligence.

As before stated, we think the two cases above referred to are controlling.

In *Davis* v. *Broad Street Garage*, supra, this Court said [191 Tenn. 320, 232 S. W. (2d) 357]:

''(1)  The courts generally agree that there can be no contribution between joint wrongdoers where they, by concert of action, have been guilty of a wilful tort, an immoral act, or were consciously violating the law. No one will now contend that in such circumstances the machinery of the courts of justice should be made available to one of the wrongdoers to compel another to share a part of the burden. But the exceptions to the rule are too numerous to permit citation of cases. In *Cohen* v. *Noel,* 165 Tenn. 600, 56 S. W. (2d) 744, 745, Chief Justice Green speaking for the Court held that a joint tort-feasor would be allowed contribution from another where his negligence was alleged to be only passive, whereas his adversary was guilty of active negligence. Numerous cases are cited wherein contribution was allowed upon the theory that the joint tort-feasors were 'guiltless of any intended wrong'. *Central Bank & Trust Co.* v. *Cohn,* 150 Tenn. 375, 264 S. W. 641. Our cases make a clear distinction between wilful and in-

tended wrongs in which the general rule of noncontribution is recognized and wrongs resulting from purely negligent acts, mistakes or other unintentional breaches of the law in which contribution is allowed.'' See 13 Am. Juris., Sec. 68; 18 C. J. S., Contribution, Sec. 11, page 18; A. L. R. Permanent Digest, Contribution, Vol. 3, p. 865.

The judgment below is reversed and the case remanded for further proceedings.