**FONTENOT**
v.
**ROACH** (Fontenot, third-party defendant).
No. 2282.

United States District Court
E. D. Tennessee, N. D.
April 30, 1954.

Hodges & Doughty, Knoxville, Tenn., for plaintiff.

Poore-Cox-Baker & McAuley, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

In his complaint, Wesley J. Fontenot alleges that he was riding as a guest with his wife, Joan Rae Fontenot, when a pick-up mail truck operated by an employee of Paul Roach, its owner, negligently ran into the Fontenot automobile, causing injury to plaintiff and to his wife. Plaintiff brought this action to recover for damages to himself and for expenses and loss of services and consortium resulting from his wife's injuries. The accident occurred in Tennessee.

Defendant Roach has filed a third-party complaint against Joan Rae Fontenot, in which he alleges that the accident was either wholly or partly her fault and that she should pay all or part of any judgment entered against him in favor of Mrs. Fontenot's husband.

Mrs. Fontenot has moved that the order allowing the third-party complaint to be filed, be now vacated and the third-party complaint be set aside, and for two reasons: First, that Tennessee does not allow contribution among joint tortfeasors; second, that Mrs. Fontenot, being the wife of plaintiff, cannot be held jointly liable with defendant Roach for the reason that a husband cannot maintain an action in tort against his wife, and since there can be no common liability as between Roach and Mrs. Fontenot, there can be no contribution.

Two questions are presented by the motion to vacate and set aside the third-party complaint:

1. Should an action for third-party contribution be allowed in an original tort case?

2. If such procedure is proper, is a third-party action maintainable against the wife of the original plaintiff?

In case No. 2281, Mrs. Fontenot has sued defendant Roach for $50,000. If the collision was caused solely by her negligence, Roach could have counter-claimed against her in that suit. But as he was not personally injured, any recovery he might obtain would be limited to property damage, which would be a comparatively small item.

In Mr. Fontenot's case, Roach is being sued for $25,000. If the collision was caused wholly or in part by Mrs. Fontenot's negligence, contribution could greatly reduce the liability of Roach and, if the verdict should be large, result in a larger saving to him than that represented by a counterclaim. Possibly he considered whether he has two causes of action, one for damage to his truck and one for contribution, and decided that he had only one; or, if he had more than one, would be required to assert all of them in one lawsuit.

But whatever the reasoning, he has proceeded by third-party complaint for contribution, and this presents the question whether under Tennessee law he has a cause of action for contribution?

Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C., provides that a defendant may move "to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *" Further provisions of the rule give to the third-party defendant the status of a defendant as to the original plaintiff and as to the original defendant as well. The rule then provides further, "A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant."

790

■ Those parts quoted above suggest that the rule is pointed to those situations where an obligation of indemnity exists as between the third-party defendant and the original defendant. Whether an obligation of indemnity exists in any situation is a matter of substantive law, not of procedure.

■ A form of indemnity is contribution. Gibson's Suits In Chancery, 4 ed., sec. 966, p. 792, contains the following indemnity situations: Co-principals, co-sureties, co-owners of property, co-insurers, co-heirs, co-devisees, co-legatees, co-owners of party wall, co-partners, co-directors and co-stockholders in a corporation, and "even co-tortfeasors, when the one asking relief was not primarily liable, or was innocent of the tort." Cited, following the quotation, is Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744. This section also states: "This rule of Equity is based on the broad principle that where one person has discharged more than his share of a debt or obligation which others are equally bound with him to discharge, the others ought in conscience to refund to him enough to reduce his burden to an equality with theirs."

■■ Where joint tortfeasors are *in pari delicto*, no right of contribution among them exists at common law. Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355. In Tennessee, joint tortfeasors are jointly and severally liable. Moore v. Chattanooga Elec. Ry. Co., 119 Tenn. 710, 109 S.W. 497, 16 L.R.A., N.S., 978. An exception to the common law rule has been applied where the tortfeasors are not *in pari delicto*, but one is the active wrongdoer and the other, inactive, passive, or liable without direct fault. Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355; Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744. There is, therefore, a basis in Tennessee law for assuming that where one of two joint tortfeasors is sued, the other *may be* liable for contribution.

■ But the question remains whether an action for contribution is procedural or substantive law. The federal rules govern procedure only, and not the substantive rights of parties who invoke the federal jurisdiction. Title 28 U.S.C. § 2072, provides among other things, "Such rules shall not abridge, enlarge or modify any substantive right * * *."

■ The right to contribution is recognized in Tennessee as an equitable right that arises in certain relationships. Gibson, § 966, supra. It is inchoate, rather than in being. It does not exist as a justiciable right until the person claiming it has paid the debt or satisfied the obligation of another, in whole or in part. Then, and not until then, it becomes a cause of action. United States Casualty Co. v. Standard Accident Ins. Co., 175 Tenn. 559, 136 S.W.2d 504, 126 A.L.R. 876; Deming v. Merchant's Cotton-Press & Storage Co., 90 Tenn. 306, 17 S.W. 89, 13 L.R.A. 518; Commerce Union Bank v. Weis, 27 Tenn.App. 433, 181 S.W.2d 764; Cage v. Foster, 13 Tenn. 261; Reeves v. Pulliam, 68 Tenn. 153.

■ As the common law was applied in Tennessee prior to statute, the right of counterclaim was not recognized. Nunn v. Walker, 186 Tenn. 685, 212 S.W.2d 665. The right was created by comparatively recent statute. Williams' 1934 Code, § 8745. In construing this section, the Supreme Court of Tennessee held that it provided no authority in an automobile accident case for bringing in a third-party defendant. Stevens v. Linton, 190 Tenn. 351, 229 S.W.2d 510. As this section is the nearest the legislature has come to authorizing such action, the conclusion is that there is no procedural authority for third-party practice in Tennessee. As no substantive right to contribution exists in this State until the defendant sued has satisfied the judgment rendered against him and no statutory authority exists for bringing in third parties in the expectation that they *may* be liable if and when a cause of action for contribution does arise against them, to permit an allegedly joint tortfeasor to be made a third-party defendant when an action is commenced in a federal court in this State would be to recognize a substantive right in the fed-

eral courts which is not recognized in the courts of the State; it would be an *enlargement* of substantive right, contrary to 28 U.S.C. § 2072.

It results that the order allowing the third-party complaint to be filed, should be vacated and the third-party complaint be stricken. As the third-party defendant's motion should be granted on the broader question above considered, it is not necessary that the second ground urged by her be ruled upon.

Let an appropriate order be prepared.