Vernon F. TRAMMELL, Admr. of Estate of B. Odell Slover, deceased

v.

The APPALACHIAN ELECTRIC COOPERATIVE

(William Dillard SMITH, d/b/a Dillard Smith Construction Company, Third-Party Defendant).

Civ. A. No. 2552.

United States District Court E. D. Tennessee, N. D.

Oct. 24, 1955.

Hodges & Doughty, Knoxville, Tenn., for plaintiff.

Donaldson, Montgomery & Kennerly, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Motion has been filed by the third-party defendant for summary judgment of dismissal of the third-party complaint under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A., support for the motion being

the pleadings, pretrial and depositions taken under the discovery rules.

B. Odell Slover was killed by the explosion of an electric transmission line recloser located on a power line owned by The Appalachian Electric Cooperative, herein called the Co-op. At the time of the accident, there was in operation a contract between the Co-op and William Dillard Smith under which Smith had undertaken "supervision, operation, maintenance, engineering, and meter reading" of the outside facilities of the Co-op. Workmen's compensation insurance on Slover was to be carried by Smith, for which the premiums were to be billed by Smith to the Co-op, the contract between Smith and the Co-op being on a cost-plus basis.

■ There is pending a workmen's compensation suit by the widow of Slover against Smith's compensation insurance carrier, in which the defendant in that action has acknowledged liability. There is also pending this action by the administrator against the Co-op, this being one against a third party whose alleged negligence caused the death of Slover, alleged in the main suit to have been an employee of Smith. The action, so grounded, is authorized by the Tennessee Workmen's Compensation Law, Code sec. 6865.

Proceeding on the theory that Smith had agreed to save the Co-op harmless against any liability which might fall upon the Co-op by reason of Slover's death, the Co-op has extended the lawsuit by making Smith a third-party defendant, the relief sought against Smith being full indemnity for any damages and expenses which the Co-op may suffer as a result of the administrator's suit against the Co-op.

Smith's motion for summary judgment is directed against both the Co-op and the administrator. It is directed against the administrator on the ground that deceased and Smith, being employee and employer, were bound by the provisions of the Workmen's Compensation Law, under which all remedies of the employee or his representative, other than those provided by the compensation law, are excluded. It is directed against the Co-op on the theory that Smith's liability is limited to that provided by the compensation law in favor of the employee.

■ From the third-party complaint it appears that the Co-op is not proceeding on any theory of comparative negligence, or active and passive negligence, under which contribution among tortfeasors has received limited sanction in this state. Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355. Even if it were an action for contribution, it would have to be dismissed for the reason that it is unauthorized under third-party practice. Fontenot v. Roach, D.C., 120 F.Supp. 788.

The third-party action will lie, if at all, only as an action for indemnity based upon contract. This presents the preliminary question of whether there existed a contract of indemnity. If that question is answered in the affirmative, then the more interesting question will have been reached, namely, whether an employer whose employee has been injured by a third party may assume liability to indemnify the third party, when the employer and the employee are operating under the compensation law.

As shown by depositions and by one of the exhibits, the contract between the Co-op and Smith was reduced to the form of a memorandum letter by Smith, addressed to R. S. Hendrix, manager of the Co-op. Following are the provisions which may or may not have bearing on the subject of indemnity: ·

"8. Equipment Insurance

"We agree to carry satisfactory Public Liability & Property Damage Insurance to protect us and the Cooperative, and we will give the Cooperative a certificate of coverage. This will be billed to the Cooperative as a direct cost.

"9. Insurance

"We agree to carry the necessary Workmen's Compensation Insurance and/or other insurance as is requir-

ed for the protection of the employees by the Cooperative. The cost of this insurance will be billed to the Cooperative as a direct cost."

No other provision in the memorandum approaches the subject of indemnity. The memorandum bears date of June 14, 1952. The fatal accident occurred July 3, 1954. During the period from June 14, 1952, to July 3, 1954, no changes were made in the operating agreement of any relevancy here. No other contract or provision relative to indemnity presently appears. The question, therefore, is whether the quoted provisions amounted to a contract of indemnity, in force on the date of the accident, within the scope of third-party practice.

■ Whatever else they may be, sections 8 and 9, quoted above, do not state such a contract. They do not state an agreement by Smith to make good the Co-op's loss. They state agreements that Smith will carry two kinds of insurance, also that the Co-op will pay for the cost of such insurance. This has the appearance of a cooperative agreement, whereby Smith and the Co-op, through mutual arrangement, would protect themselves by insurance. Without undertaking to hold what the provisions are, or what the rights of the parties are in relation thereto, the Court does hold that they do not constitute a contract of indemnity, such as will support the third-party action.

■ In view of the foregoing, the more interesting question heretofore mentioned, is not now reached. Indemnity, from an equitable viewpoint, but independent of contract, is only an enlargement of the remedy of contribution. Cf. Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744, and Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355. Whether or not the Co-op can make out a case for equitable indemnity, an action to recover such indemnity may not be prosecuted by third-party procedure. Such procedure falls under the same ban as that which applies to a third-party action for contribution. See, Fontenot v. Roach, D.C., 120 F.Supp. 788, where the reasons for the ban are discussed at length.

■■ Nothing appears in the Workmen's Compensation Law to change this result. As between employer and employee, rights of the employee against the employer, as provided by the compensation law, are exclusive of all other rights and remedies. Sec. 6859. The employee may sue and recover from a negligent third party who has injured him. Sec. 6865. The employer who has paid or become obligated to pay compensation has a right of subrogation against the third party. But sec. 6865 makes no mention of a right of set-off, counterclaim, contribution, or indemnity in favor of the third party.

What has been stated herein has been upon the presumption that the administrator is proceeding under the aforesaid sec. 6865. If it should later develop that the employer and employee were not operating under the Workmen's Compensation Law, or that the administrator has undertaken a purely common law action, unrelated to the deceased's employment status, disposition of the motion for summary judgment would be the same.

For the reason that the third-party complaint comes within the ban discussed in the Fontenot case, an order will be prepared sustaining the motion.