**Joe Vivian VAUGHN**

v.

**TERMINAL TRANSPORT COMPANY, Inc.**

**Lyndon DUKE**

v.

**TERMINAL TRANSPORT COMPANY, Inc., and Charles N. Sharpe.**

**Civ. Nos. 376, 377.**

United States District Court
E. D. Tennessee,
Winchester Division.

Sept. 30, 1957.

---

T. Arthur Jenkins, Manchester, Tenn., for Joe Vivian Vaughn.

J. Ross Cheshire, Jr., T. T. McCarley, Nashville, Tenn., Walter M. Haynes, Winchester, Tenn., for Terminal Transport Co. and Sharpe.

John F. Green, Winchester, Tenn., for third-party defendant, Cagle Bros. Garage.

DARR, Chief Judge.

The third-party defendants have filed a motion to vacate the order of the Court permitting the filing of a third-party action against them. The reasons advanced in support of this motion are diverse, and will be divided, in this discussion, into three parts: (1) The contention that the statute of limitations has run. (2) The contentions that there is no jurisdiction or the venue is improper. (3) The contention that Tennessee law does not permit such a procedure to be followed.

Had the principal suit not been filed before May 24, 1957, the statute of limitations would have run on the rights of the plaintiffs. The rights of the third-party plaintiffs, on the other hand, are dependent upon their liability to the plaintiffs, which remains undetermined until the close of the principal suit. Under any circumstances, the statute of limitations could not possibly begin to run before the filing of the principal suit in the federal court. Rather than contending that the statute of limitations has run, the third-party defendants might have argued that the third-party action is premature, the right against them not accruing until the determination of the principal suit. However, the federal courts have consistently upheld the acceleration of liability in such cases. See Moore's Federal Practice, Second

Edition, Section 14.08. In Glens Falls Indemnity Company v. United States, 9 Cir., 229 F.2d 370, 373 the Court held that claims set up under the third-party rule (Fed.Rules Civ.Proc. rule 14, 28 U.S.C.A.) "can be asserted even if liability is only contingent or a mere possibility".

#### 2.

■ It is contended that the addition of the third-party defendants destroys the diversity jurisdiction, and the venue is improper because of the residence of the various parties defendant. Moore's Federal Practice, Second Edition, Sections 14.25 and 14.26, discusses the ancillary nature of the third party proceedings, and clearly points out that no independent jurisdictional ground is needed. See page 496, Moore's, and cases cited therein. What is true as to jurisdiction is true with even greater force as to venue.

#### 3.

■ In view of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the substantive law of Tennessee applies. The lack of any Tennessee procedure to cover this particular situation does not affect the procedural rights in the present case if a substantive right exists, since the Federal Rules of Civil Procedure apply to practice before this Court. The question raised in paragraphs 4, 5 and 6 of the motion is, does the substantive law of Tennessee permit a recovery by one tort-feasor against the other, where the one suing is guilty of passive negligence and the one sued is guilty of active negligence? It appears that a right of recovery may exist. Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744; Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355; American Cas. Co. v Billingsley, 195 Tenn. 448, 260 S.W.2d 173.

■ The contention that the right has not accrued until the principal case is concluded is settled by Glens Falls Indemnity Company v. United States, supra. The third-party action is settled, in the federal court procedure, along with the principal case. In the state court the identical substantive right exists, but it must be settled by the later filing of a separate suit.

The motion is denied.