Raymond M. ROBERSON, Plaintiff,

v.

Beryl BITNER and J. J. Taylor, Defendants and Third-Party Plaintiffs, and Pet Milk Company, Defendant,

v.

Glen SILVERS, Third-Party Defendant.

Civ. A. No. 1649.

United States District Court
E. D. Tennessee,
Northeastern Division.

April 9, 1963.

3. See supra, n. 2.

Epps, Powell, Weller, Taylor & Miller, Johnson City, Tenn., for plaintiff.

Thomas E. Mitchell, Johnson City, Tenn., for Bitner and Taylor, defendants and third-party plaintiffs.

Simmonds, Bowman & Herndon, Johnson City, Tenn., and Hodges, Doughty & Carson, Knoxville, Tenn., for defendant Pet Milk Co.

Taylor & Templeton, Knoxville, Tenn., for third-party-defendant Silvers.

NEESE, District Judge.

The defendant Pet Milk Company has moved for a dismissal of the complaint of the plaintiff Roberson against it on the ground that there are insufficient allegations of the diverse citizenship of these parties to clothe the Court with jurisdiction under 28 U.S.C. § 1332. Subsequently, the plaintiff Roberson moved to be allowed to amend his complaint so as to allege sufficient facts to support a diversity of citizenship action. The defendant Pet now claims this motion by plaintiff Roberson comes too late and, further, that it is barred by the pertinent Tennessee statute of limitations of one year.

The complaint alleges that the plaintiff Roberson is a citizen and resident of North Carolina; that the defendants Bitner and Taylor are citizens of Tennessee; and that the defendant Pet is a corporation "authorized to do business in Tennessee." This, of course, is an inadequate allegation for diversity purposes as between the plaintiff Roberson and the defendant Pet.

The amendment advanced by the plaintiff Roberson under Rule 15(a), Federal Rules of Civil Procedure, proposes amendatory allegations that the defendant Pet is a Delaware corporation with its principal place of business in Missouri. This, obviously, would serve to cure the present defect in the plaintiff's complaint as regards diversity. 28 U.S.C. § 1332.

Defective allegations of jurisdiction may be corrected in the trial court. 28 U.S.C. § 1653. Where, at the time the complaint was filed, the facts, although first improperly pleaded, were sufficient to give a court jurisdiction, that court acquires jurisdiction when the necessary corrections are made, such jurisdiction being operative from the time of the

filing of the original complaint. Stern v. Beer, C.A. 6th (1952), 200 F.2d 794, 795.

The fact that the Tennessee statute of limitations has run against the plaintiff's action does not prevent the making of these correctional amendments now, because Rule 15(c), Federal Rules of Civil Procedure, provides specifically that such amendments relate back to the date of the original pleading. Burnstein v. Columbia Broadcasting System, C.A. 7th (1961), 291 F.2d 8, 10.

The motion to dismiss of the defendant Pet, accordingly, will be denied, and the plaintiff Roberson's motion to amend will be allowed.

■ The third-party defendant Silvers has moved that the third-party complaint be dismissed on the ground that no claim is stated against him on which relief can be granted. It is alleged in the third-party complaint by the third-party plaintiffs Bitner and Taylor that the plaintiff Roberson was a guest passenger of the third-party defendant Silvers when this accident occurred; that the defendants and third-party plaintiffs were guilty of no negligence at all which proximately caused the injuries and damages complained of; but, in the event a verdict is returned against them, that they are entitled to indemnity from the third-party defendant Silvers who, they allege, was guilty of active negligence in the premises, while any negligence which may be attributable to them was merely passive.

The Tennessee rule as to such indemnity is that " * * * where one tortfeasor has been guilty of affirmative negligence creating a dangerous situation and the other tort-feasor, though under legal obligation so to do, has merely failed to discover or correct the situation caused by the negligence of the first, the second tort-feasor, compelled to pay damages to a third person, may have indemnity of the first." Cohen v. Noel (1933), 165 Tenn. 600, 56 S.W.2d 744, 745. Cohen quotes approvingly the Supreme Court of the United States as follows:

" * * * (N)otwithstanding the negligence of one, for which he has been held to respond, he may recover against the principal delinquent where the offense did not involve moral turpitude, in which case there could be no recovery, but was merely *malum prohibitum*, and the law would inquire into the real delinquency of the parties, and place the ultimate liability upon him whose fault had been the primary cause of the injury." Union Stock Yards Co. v. Chicago, B. & Q. R. Co. (1905), 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, 456.

The Court is referred to Trammel v. Appalachian Electric Cooperative, D.C. Tenn. (1955), 135 F.Supp. 512, from this district. However, it has been subsequently held in this jurisdiction that where a third-party action is based on indemnification, any such right sets up simultaneously the plaintiff's right against the original defendant, and the method of enforcement of that right, being procedural, is to be governed by federal third-party practice. La Ferry v. Ajax Truck Rentals, D.C.Tenn. (1958), 161 F.Supp. 707, 710; Vaughn v. Terminal Transport Company, D.C.Tenn. (1957) 162 F.Supp. 647; also cf. Huggins v. Graves, D.C.Tenn. (1962), 210 F. Supp. 98, 103.

Accordingly, the Court will deny the motion of the third-party defendant Silvers for a dismissal of the third-party complaint.

Within ten (10) days from the filing of this memorandum, and agreeably with the local rules, appropriate orders consistent with this opinion will be submitted as follows: (a) by counsel for the plaintiff Roberson, overruling the motion to dismiss of the defendant Pet and allowing the plaintiff's motion to amend his complaint; and (b) by counsel for the defendants and third-party plaintiffs Bitner and Taylor, overruling the motion to dismiss of the third-party defendant Silvers.