Jerry DAWN et ux., Plaintiffs,

United States Fidelity and Guaranty Company et al., Intervening Plaintiffs,

v.

ESSEX CONVEYORS, INC., Defendant, Plaintiff-by-cross claim and Plaintiff-by-counterclaim.

PROCESS EQUIPMENT ENGINEERING COMPANY, INC., Defendant, Defendant-by-cross claim and Plaintiff-by-counterclaim,

v.

TENNESSEE EASTMAN COMPANY, Defendant-by-counterclaims.

Civ. A. No. 2809.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 6, 1973 and March 19, 1973.

H. E. Wilson, Joe W. Worley, Kingsport, Tenn., for intervening plaintiffs.

Charlton R. DeVault, Jr., M. Lacy West, Edwin L. Treadway, F. Allan Kelly, John P. Chiles, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant-by-counterclaims Tennessee Eastman Company moved, *inter alia*, for a judgment on the pleadings between it and the plaintiffs-by-counterclaim Essex Conveyors, Inc. and Process Equipment Engineering Company, Inc., respectively, relating to the respective counterclaims of the latter. Rule 12(c), Federal Rules of Civil Procedure. For the reasons stated in this Court's memorandum opinion and order herein of March 19, 1973 such motion has merit.

As was stated in 3 Products Liability (Frumer and Friedman) 716, § 44.02 [3] [d] as the general rule: "* * * [I]f the manufacturer was liable at all to the injured person, the manufacturer would necessarily have been actively negligent and therefore not entitled to indemnity. * * *" The plaintiffs-by-counterclaim have no action for indemnity against the defendant-by-counterclaim because of the absence of a common tort liability among them unto the plaintiff Mr. Dawn. Scarbrough v. Murrow Transfer Company, D.C.Tenn. (1967), 277 F.Supp. 92, 96 [7]. See also Union Carbide Corporation v. Dunn Brothers General Contractors, Inc., D.C.Tenn. (1968), 294 F.Supp. 704, 707[7, 8]; Chamberlain v. McCleary, D.C.Tenn. (1963), 217 F.Supp. 591, 597–598 [7]; Birdsong v. General Motors Corp., D.C. Pa. (1951), 99 F.Supp. 163, 165 [4], [5].

Accordingly, judgment on the pleadings will ENTER for the defendant-by-counterclaims Tennessee Eastman Company against the respective plaintiffs-by-counterclaim Essex Conveyors, Inc. and Process Equipment Engineering Company, Inc.

Shelby W. Smoot, William W. Hawkins, Edgar G. Moody, Kingsport, Tenn., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

The plaintiffs herein seek damages for personal injuries proximately resulting from a defect in equipment manufactured and sold by the defendants Essex Conveyors, Inc. (Essex) and Process Equipment Engineering Company, Inc. (Process). Essex impleaded the third-party defendant Tennessee Eastman Company, etc. (Eastman) for contribution or indemnification, and Process impleaded it for indemnification. Eastman moved for a judgment on the pleadings, Rule 12(c), Federal Rules of Civil Procedure, as to such third-party actions.

■ The third-party plaintiffs are entitled to proceed against the third-party defendant only if Eastman " * * * is or may be liable * *. * " to them " * * * for all or a part of the [plaintiffs' claims] against * * * " them. Rule 14(a), Federal Rules of Civil Procedure; Gipson v. Shelley, D.C. Tenn. (1963), 219 F.Supp. 915, 916. " * * * Rule 14 [supra] is strictly limited to situations where the very existence of potential liability in the third-party defendant is dependent upon the outcome of the action on the main claim. * * * " Joe Grasso & Son, Inc. v. United States, D.C.Tex. (1966), 42 F.R.D. 329, 333 [5], affirmed, C.A. 5th (1967), 380 F.2d 749.

■ It is stipulated that at pertinent times the plaintiffs Mr. and Mrs. Dawn were husband and wife, and that the employment relation of Mr. Dawn and Eastman was subject to the provisions of the Tennessee Workmen's Compensation Law, T.C.A. § 50–901 et seq. The liability of Eastman to Mr. Dawn for an injury arising in the scope and out of the course of such employment is governed exclusively by such law. T.C.A. § 50–908. Mr. Dawn being thus barred from maintaining a tort action against Eastman for his injury, Liberty Mutual Inc. v. Stevenson (1963), 212 Tenn. 178, 182, 368 S.W.2d 760, the third-party plaintiff Essex has no right of contribution from Eastman. Uniform Contribu-

tion Among Tort-Feasors Act, T.C.A. § 23–3101 et seq. And, for the same reason, the derivative claim of the plaintiff, Mrs. Dawn, for loss of her husband's consortium, T.C.A. § 25–109, is likewise barred; and such third-party plaintiff has no right of action for contribution against Eastman on that account. Indem.; Nichols v. Benco Plastics, Inc., 225 Tenn. 334, 469 S.W.2d 135, 138 [4].

■■ The fact that the employment relation of Mr. Dawn and Eastman is governed by the Tennessee Workmen's Compensation Law, supra, does not encompass or limit the third-party actions herein, if the third-party plaintiffs are entitled to indemnity under a substantive right recognized by Tennessee law. Roberson v. Bitner, D.C.Tenn. (1963), 221 F.Supp. 279, 281 [1]. Tennessee recognizes the substantive right of indemnification between joint tort-feasors in situations wherein a passive tort-feasor seeks indemnification from an active tort-feasor. Roberson v. Bitner, D.C. Tenn. (1963), 218 F.Supp. 764, 766, quoting from Cohen v. Noel (1933), 165 Tenn. 600, 56 S.W.2d 744, 745.

If the plaintiffs obtain a judgment against the defendants on the basis of one or more acts of negligence in connection with the sale and distribution of their equipment, this would necessarily involve more than passive negligence on the respective parts of the defendants and third-party plaintiffs Essex and Process. Lopez v. Brackett Stripping Machine Company, D.C.Ill. (1969), 303 F.Supp. 669, 670 [1]. The plaintiffs' claims of breach of warranties do not involve an issue of active-passive negligence. Schipper v. Lockheed Aircraft Corporation, D.C.N.Y. (1968), 278 F. Supp. 743, 746 [7].

■ As stated, Eastman is already liable to the plaintiff Mr. Dawn and compensating him under the Tennessee Workmen's Compensation Law. There is no claim by the third-party plaintiffs that Eastman agreed expressly to indemnify either Essex or Process against their own breach of duty. The third-

party defendant Eastman owed no obligation to the third-party plaintiffs in connection with Eastman's use of the equipment involved, Eastman's duty in connection therewith being confined to that it owed Mr. Dawn and his fellow employees. Auld v. Globe Indemnity Company, D.C.La. (1963), 220 F.Supp. 96, 98–99. Even if Eastman is guilty of all the acts of negligence imputed to it by the allegations of the third-party complaints, still it breached no implied duty of care owing to the third-party plaintiffs. *Ibid.*, 220 F.Supp. at 99. As Eastman is solely liable to the plaintiff Mr. Dawn under the Compensation Law, the third-party plaintiffs are not permitted to implead Eastman. Schwab v. Erie Lackawanna Railroad Co., C.A.3d (1971), 438 F.2d 62, 66, cited in Millard v. Municipal Sewer Auth. of Twp. of Low, Makefield, C.A.3d (1971), 442 F. 2d 539, 541 [3].

From all of this the Court concludes that where, as here, the plaintiffs have sued the defendants for active acts of negligence and that, but for the existence of the Workmen's Compensation Law, the plaintiffs could have sued the defendants and the third-party defendant as joint tort-feasors, Tennessee law does not permit a suit over against the third-party defendant on the ground that it was also guilty of some similar or equally causative, but different, negligent acts, which might also have constituted a proximate cause of the injury to the original plaintiffs. *Cf.* General Dynamics Corporation v. Adams, C.A.5th (1965), 340 F.2d 271, 281 [14, 15]. It thus appearing that the third-party defendant Eastman could under no theory be liable to the third-party plaintiffs Essex and Process " * * * for all or part of [the plaintiffs' claims] against * * * " the defendants and third-party plaintiffs, Rule 14(a), *supra*, the motion of the third-party defendant Eastman for a judgment on the pleadings hereby is granted, and the respective third-party actions of Essex and Process hereby are

Dismissed.